JOHN E. STRONG v. JAMES NELSON and Minnie Nelson.

(165 N. W. 511.)

Contract — action on — defendant may counterclaim — other cause of action on contract — existing when action commenced.

1. In an action on contract defendant may counterclaim any other cause of action on contract existing at the commencement of the action.

Pleading — answer — construction — deceit — action for.

2. It is *held* that the answer in the case at bar does not state a cause of action for deceit, but that, when liberally construed, it states a cause of action arising out of contract.

Opinion filed November 16, 1917.

Appeal from the District Court of Barnes County, Honorable *J. A. Coffey,* Judge.

Defendants appeal.

Reversed.

38 N. D.—25.

*M. J. Englert,* for appellants.

In actions arising on contract, the defendant may set forth in answer by way of counterclaim any other cause of action on contract, existing at the time of the commencement of the action.    Comp. Laws 1913, § 7449; St. Louis Public Schools v. Broadway Sav. Bank, 12 Mo. App. 104, 84 Mo. 56; Cal. Civ. Code, § 438; Wheelock v. Pacific Pneumatic Gas Co. 51 Cal. 223; American Ink Co. v. Riegel Sack Co. 141 N. Y. Supp. 549, 79 Misc. 421, 140 N. Y. Supp. 107; Williams v. Wieting, 3 Thomp. & C. 439; Curtis v. Barnes, 30 Barb. 225; Schubart v. Harteau, 34 Barb. 447; Parsons v. Sutton, 66 N. Y. 92; Jacobowitz v. Strasbourger, 108 N. Y. Supp. 698; Garnett & A. Paper Co. v. Midland Pub. Co. 156 Mo. App. 187, 136 S. W. 736; Empire Transp. Co. v. Boggiano, 52 Mo. 294; Halfpenny v. Bell, 82 Pa. 128; Stevens v. Able, 15 Kan. 584; Axford v. Hubbell, 24 Kan. 444; Morrison v. Lovejoy, 6 Minn. 319, Gil. 224.

This statute was designed to enlarge the doctrine of set-off so as to include all causes of action arising *ex contractu* whether the damages are liquidated or not.    Brady v. Brennan, 25 Minn. 210; Minn. Gen. Laws 1878, chap. 66, § 97; Minn. Gen. Stat. 1913, § 7757; Midland Co. v. Broat, 50 Minn. 562, 17 L.R.A. 312, 52 N. W. 972; First Nat. Bank v. Silver, 45 Mont. 231, 122 Pac. 584; Norden v. Jones, 33 Wis. 600, 14 Am. Rep. 782; Schick v. Suttle, 94 Minn. 135, 102 N. W. 217.

*Knauf & Knauf,* for respondent.

CHRISTIANSON, J.    The plaintiff brought this action to recover upon a promissory note executed by the defendants, and payable to the plaintiff.    The defendants in their answer admit the execution and delivery of the note and nonpayment thereof.    By way of defense and counterclaim they aver that the plaintiff has been engaged in business at Jamestown, under the name of Strong Land Company, and that during July, 1914, the defendants purchased "from said plaintiff, and one R. B. Lowe, and the said Strong Land Company, some land located in the island of Cuba;" that in payment of said land the defendants traded and delivered to the plaintiff and his said company a stock of shoes; that in consideration of said stock of shoes the defendants were to have title and deed to said Cuban land; that plaintiff and his company were

not only to deed said land to defendants, but were to make a satisfactory showing that the party from whom the land was deeded had a good and merchantable title thereto; that defendants delivered the stock of shoes to plaintiff and his company, upon such promises and agreements; that the stock of shoes was of the agreed value of $920; that the defendant and his company failed to deliver the deed or other instrument of conveyance; that the plaintiff and his company had no title to the land and are unable to convey any good title thereto whatsoever; that by reason of such false and fraudulent representations on the part of the plaintiff and the land company, its agents, and representatives, the defendants were induced to part with their said shoe stock, and turned the same over to the plaintiff, his company, agents, and representatives. Wherefore defendants ask for recoupment against the amount of plaintiff's claim, to the amount of $920, the value of such stock of shoes. The plaintiff demurred to the answer on the grounds: (1) That the same does not state facts to constitute a defense or counterclaim to the cause of action set forth in the complaint; (2) that defendants have attempted to plead an alleged tort as a counterclaim to an action upon contract. These were the only grounds on which the demurrer was based, and hence are the only ones which we shall consider. 3 C. J. p. 791, § 714.

Under our statute a counterclaim "must be one existing in favor of a defendant and against a plaintiff between whom a several judgment might be had in the action, and arising out of one of the following causes of action:

"1. A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action.

"2. In an action arising on contract, any other cause of action arising also on contract and existing at the commencement of the action." Comp. Laws 1913, § 7449.

The counterclaim sought to be set up by defendants in this case did not arise out of the transaction set forth in the complaint as the foundation of plaintiff's claim, nor was it connected therewith. It arose out of a wholly independent transaction. The question is therefore whether the answer sets forth a cause of action arising on contract and existing at the commencement of the action. In our opinion it does. It does not state a cause of action for deceit. The only representations set

forth are promises or agreements to convey a good, merchantable title in certain land to the defendants. The answer is by no means a model pleading, but it does allege that plaintiff has been doing business under the name of Strong Land Company; that defendants turned over to plaintiff a stock of shoes of an agreed value of $920, in consideration of which it was agreed that defendants were to receive a deed conveying good and merchantable title to certain land, and that plaintiff has failed to comply with the agreement under which he received the stock of shoes. It is well settled that where the consideration for a contract for the purchase of land fails, the law implies an obligation on the part of one who has received the purchase price to make restitution to the party from whom he received it. Laflin v. Howe, 112 Ill. 253; Wright v. Dickinson, 67 Mich. 580, 11 Am. St. Rep. 602, 35 N. W. 164; Leach v. Tilton, 40 N. H. 473.

The answer alleges an agreement between the plaintiff and the defendants, the payment to plaintiff of the full consideration agreed upon, and that the reciprocal consideration moving to the defendants has wholly failed. The relief demanded is that defendants be awarded the value of the goods delivered by them to the plaintiff as the purchase price of land, which they did not receive, and to which plaintiff has no title. The allegations of a pleading must be liberally construed with a view of substantial justice between the parties. Comp. Laws 1913, § 7458. When so construed, the answer in this case is sufficient, and states "a cause of action arising on contract and existing at the commencement of the action." It was therefore error to sustain the demurrer upon either of the grounds urged by the plaintiff. The judgment appealed from must be reversed. Reversed and remanded for further proceedings according to law.

ROBINSON, J. (concurring). This is an appeal from an order sustaining a demurrer to the answer and counterclaim and from a judgment on such order. The complaint is that in December, 1911, the defendants for value promised to pay to the order of the plaintiff $550, on the 1st day of November, 1916, with interest. The answer admits the making of the note. Then it avers in effect that the plaintiff did business under the name of Strong Land Company, and that in July, 1914, defendants purchased from the plaintiff, R. B. Lewis and Strong

Land Company, some land in Cuba, and the defendant, in payment for the Cuban land, traded a shoe stock to the plaintiff at the agreed value of $920, and delivered the same to him; that the plaintiff and his company failed to deliver a deed to the land in Cuba, and the defendants have received nothing for said shoe stock, which was of the value of $920.

The brief of respondent has the merit of being short. It says: The defense failed to show the incorporation or copartnership of the Strong Land Company; failed to show the members thereof, and failed to show the insolvency of Lowe or Strong Land Company; but that avails nothing, as the answer avers that the plaintiff was doing business in the name of Strong Land Company, and he received the shoe stock and made no payment for it. It fairly indicates that the plaintiff received the shoe stock, which was of the value of $920, promising to make payment by a conveyance of certain land in Cuba, and that he wholly failed to make such payment, and did not own the land he contracted to convey. It is said the answer is not sufficiently definite and certain, but the remedy for such a defect is by motion to make the answer more definite and certain.

If the plaintiff received from the defendants a shoe stock at the alleged price and value of $920, and failed to make payment in any manner, of course the defendants have a cause of action to recover the $920, with interest. The plaintiff brings a cause of action on contract for the recovery of money only, and the defendants by answer state a cause of action on contract for the recovery of money only, and the cause of action is against the plaintiff, who received the shoe stock and made no payment for it.