[No. 14697.   Department One.   August 13, 1918.]

# DIAMOND ICE & STORAGE COMPANY, *Appellant,* v. KLOCK PRODUCE COMPANY, *Respondent.*[1]

JUDGMENT—RES JUDICATA—MERGER OR BAR—MATTERS THAT MUST BE DETERMINED. In an action for storage charges, defendants' former suits for the recovery of goods stored and for damages for goods spoiled while in storage, in which there was no counterclaim or set-off for the storage charges, are not *res judicata* of the subsequent action, since the issue for storage charges is not so closely related to the issues in the former actions as to require that it be determined therein.

SAME—MERGER AND BAR—ANSWER—SET-OFF AND COUNTERCLAIM AVAILABLE IN FORMER ACTION. Rem. Code, § 264, providing that the answer "must contain" (1) a general or specific denial; (2) any new matter constituting a defense or counterclaim, which counterclaim by Id., § 265, must be one arising out of the contract or transaction set forth in the complaint or connected with the subject of the action, or, in actions on contract, any other cause arising on contract, is not mandatory in the sense of requiring the pleading of a counterclaim which is wholly unrelated to plaintiff's claim; but the two subdivisions of § 264 present merely alternatives as to unrelated claims.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered December 10, 1917, dismissing an action on contract, upon sustaining defendant's demurrer to the reply.   Reversed.

*James B. Howe* and *A. J. Falknor,* for appellant.

*Samuel H. Steele,* for respondent.

PARKER, J.—The plaintiff, Diamond Ice and Storage Company, seeks recovery of the sum of $402 claimed as a balance due it from the defendant, Klock Produce Company, for the storage of cheese, butter and eggs, between March 20, 1914, and April 23, 1915. The case was disposed of by the superior court upon the pleas of

[1]Reported in 174 Pac. 435.

*res judicata,* pleaded in the defendant's second and third affirmative defenses, and plaintiff's reply thereto. The defendant demurred to the plaintiff's reply, which demurrer was sustained by the court, and the plaintiff having elected to stand upon its reply and not plead further, judgment of dismissal was rendered against it, from which it has appealed to this court.

The questions here to be determined are: (1) does plaintiff's reply negative the defendant's plea that the claim of appellant here sued upon was actually put in issue by the defendant and adjudicated in either of the two prior actions mentioned in the second and third affirmative defenses; and (2) does appellant's reply negative the defendant's plea that the claim of appellant here sued upon was in any event, in legal effect, adjudicated in either of those actions, because of the fact that it was so closely related to the issue therein involved as to estop appellant from asserting that it was not adjudicated by the judgment rendered therein? To avoid confusion we shall refer to appellant as the storage company, and to respondent as the produce company.

The complaint of the storage company in this action is in the simplest form and contains only those allegations necessary in such cases. It does not specifically inform us whether the balance of $402 claimed as owing to the storage company by the produce company is a balance due upon a single or upon several storage contracts. It does, however, inform us that the account sued upon consists of numerous separate charges for storage at different times, of different lots of produce.

It appears from the allegations of the produce company's second affirmative defense that, on August 5, 1915, it commenced an action in the superior court for King county, seeking recovery from the storage com-

pany of the value of fifty-four cases of cheese which it had in storage with the storage company and which it claimed that company had converted. We shall assume that the further allegations, as to the issue tendered in that action and judgment rendered therein, stated a good defense of *res judicata* in this action.

It appears from the denials, admissions and allegations of the storage company's reply to this second affirmative defense, as follows: The storage company in its answer in that action admitted that it had received the cheese in storage for the produce company, and that the contract of storage was evidenced by a negotiable warehouse receipt, and further pleaded as an affirmative defense therein, as follows:

"This defendant [the storage company] alleges that between March 20, 1914, and May 23, 1915, this plaintiff had in storage with the defendant various quantities of eggs, butter and cheese and that on April 23, 1915, and all times since there was due this defendant from the plaintiff for the storage of such eggs, butter and cheese, the sum of four hundred and sixteen and 5/100 dollars ($416.05), no part of which has been paid. That this defendant on the 22nd day of April, 1915, refused to surrender and deliver said fifty-four (54) cases of cheese, being the only article of plaintiff then, or since, in storage with the defendant, for the reason that the plaintiff failed and refused to pay the storage charges of four hundred and sixteen and 5/100 dollars ($416.05) due this defendant from the plaintiff on said 23rd day of April, 1915, and at all times since due and unpaid. That this defendant stands ready and willing, and at all times has stood ready and willing, to deliver to the plaintiff, or the plaintiff's assignee, said fifty-four (54) cases of cheese upon the payment to this defendant said storage charges of four hundred and sixteen and 5/100 dollars ($416.05), and that this defendant has not converted said cheese or any part thereof to the defendant's use, but holds the same solely by virtue of its warehouseman's lien."

The storage company, in its answer in that action, did not set up its claim of $416.05 as a set-off or counterclaim against the produce company's claim for the alleged conversion of the cheese, but set up that claim only as a justification for withholding the cheese and refusing to deliver it to the produce company upon the surrender of the negotiable warehouse receipt evidencing the contract of storage, and the tender of payment of $6.61, claimed by the produce company to be all that was due to the storage company for the storage of the cheese under that contract of storage. The prayer of the storage company in its answer was simply that the action be dismissed, and for its costs. It did not ask for recovery of the storage charges claimed by it for the storage of the other produce; but on the trial of the cause, upon the merits, the storage company moved for permission to amend its answer so as to ask for equitable relief, and that its claim for storage of the other produce, as well as the cheese in question, be declared a lien upon the cheese and that it be sold to satisfy such lien. This amendment was permitted, and at the close of the case the trial court denied to the produce company recovery for conversion of the cheese and awarded foreclosure of the claimed lien of the storage company as against the cheese. Thereupon the produce company appealed from that judgment to this court, and thereafter this court reversed the judgment so rendered, with directions to the trial court to enter a judgment in favor of the produce company against the storage company in the sum of $812.92, the value of the cheese retained and converted by it. It was pointed out in our decision that no set-off or counterclaim was pleaded as a defense in that action, and that "all that the defendant [the storage company] set up was that it had a right to retain the cheese under its lien." The theory of that decision was that the storage company

did not have a lien upon the cheese in question, for storing the other produce. See *Klock Produce Co. v. Diamond Ice & Storage Co.,* 90 Wash. 67, 155 Pac. 414. The denials in the storage company's reply to this second affirmative defense plainly negative the alleged adjudication, either actually or constructively, of the claim here sued upon.

It appears from the allegations of the produce company's third affirmative defense as follows: In October, 1915, the produce company commenced another action in the superior court for King county against the storage company, seeking recovery of damages, the depreciated value of 1,124 cases of eggs which it had stored with the storage company, claiming that the eggs had been spoiled by reason of improper storage. The trial of that action upon the merits resulted in the awarding of judgment in favor of the produce company against the storage company in the sum of $900, which action was pending in this court upon appeal at the time of the commencement of this action. We here note that the judgment rendered therein has since then been affirmed by this court. See *Klock Produce Co. v. Diamond Ice & Storage Co.,* 98 Wash. 676, 168 Pac. 476. The claim of the storage company here sued upon was in no way referred to or claimed as a defense by way of set-off or counterclaim as against the damage claim of the produce company in that action. That adjudication is pleaded in this action, however, as the produce company's third affirmative defense of *res judicata,* accompanied by allegations in an attempt to show that it was so closely related to the produce company's claim of damages in that action that it became, in effect, adjudicated by the judgment rendered therein, in the sense that the storage company is estopped thereby from now asserting that it was not so adjudicated.

It appears from the denials, admissions and allegations of the storage company's reply to this third affirmative defense, as follows: The storage company denies all the allegations of this affirmative defense, except it admits that the issues determined by the judgment rendered in the action therein referred to were as shown by the pleadings therein, copies of which are made a part of its reply. Plainly, those pleadings do not show that the claim of the storage company here sued upon had any relation to the issues raised by the pleadings or determined by the judgment rendered in that action.

Assuming that the denials and allegations of the storage company's reply in this case are true, as we must assume for present purposes, we first inquire, was the claim of the storage company actually put in issue and adjudicated upon as a set-off or counterclaim in its defense made in the first action? We have seen that, according to the allegations of the storage company's reply to the produce company's affirmative defense in this action, its storage claim was set up in that action only as a claimed lien for storage upon the cheese there in question, and as a justification for the refusal to deliver the cheese to the produce company; that no personal judgment upon the claim was sought against the produce company; and that it was finally decided in that action that the storage company had no enforcible lien against the cheese converted by it. The storage company's reply, in effect, goes further and denies that its claim here sued upon was the claim sought to be enforced as a lien in that action. Plainly, the allegations of the storage company's reply negative the allegations of the produce company's second affirmative defense, in so far as that defense pleads that the claim here sued upon was actually litigated therein. What the proof may show upon the trial of the issues

in this action, is another question.  It follows that the
storage company's reply to the produce company's
second affirmative defense is good as against the pro-
duce company's demurrer.  What we have already said
calls for the same conclusion with reference to the
storage company's reply to the produce company's
third affirmative defense.

Was the claim of the storage company here sued
upon so closely related to the issues determined in the
two former actions that it was, in legal effect, adjudi-
cated in either of those actions?  It seems to us that
it cannot be so determined from the pleadings in this
action, in view of the denials and allegations of the
storage company's reply.  What we have already said,
we think, renders further notice of this question un-
necessary.

Was the storage company bound to actually plead
and put in issue in either of the former actions, as a
set-off or counterclaim, its claim here sued upon, or
be thereafter estopped from asserting it in this sep-
arate action?  It is here so contended by counsel for
the produce company, upon the theory that it was at
the time of the commencement of the first of these
actions a claim arising upon contract, then existing
in favor of the storage company and against the
produce company, between whom a several judgment
might have been had in one or the other of those
actions.  This contention is rested upon the provisions
of the following sections of Rem. Code:

"Sec. 264.  The answer of the defendant must con-
tain,—

"(1) A general or specific denial of each material
allegation of the complaint controverted by the defend-
ant, or of any knowledge or information thereof suf-
ficient to form a belief;

"(2) A statement of any new matter constituting a defense or counterclaim, in ordinary and concise language without repetition."

"Sec. 265. . . . The counterclaim mentioned in the preceding section must be one existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action, and arising out of one of the following causes of action:—

"(1) A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action;

"(2) In an action arising on contract, any other cause of action arising also on contract, and existing at the commencement of the action."

It is argued that the words, "the answer of the defendant must contain," as used at the beginning of § 264, rendered it mandatory upon the storage company, as defendant in the two former actions, that it actually plead and put in issue in one or other of those actions, as a set-off or counterclaim against the claims therein sued upon, its claim here sued upon, even though this claim is one arising wholly independent of the claims therein asserted. Our recent decision in *Deaver v. Trahey*, 98 Wash. 63, 167 Pac. 68, seems to answer this contention. We there held that the note sued upon, not having been actually set up as a counterclaim or set-off by way of defense in the former action, the judgment in which was pleaded as *res judicata*, the note having been given in settlement of a matter wholly independent of the matter involved in that action, and the holder of the note being the original payee, he was not estopped from thereafter suing thereon in an independent action. In our decision in that case we said:

"This note constitutes a cause of action in favor of appellant and against respondent wholly independent of all matters drawn in question in that action. It

being clear that this note was not in fact drawn in question in that action, either by pleadings or evidence, the question here is, Was it necessarily involved therein in the sense that the judgment to be rendered in that action would become *res judicata* of appellant's right to recover in this action upon the note? It seems settled by the great weight of authority, in the absence of statute, that a defendant, having a cause of action against a plaintiff wholly independent of the claim and relief sought by the plaintiff in the particular action, is not bound to set up such independent cause of action as a defense in the action, even though his cause of action is such that he may be permitted to do so, but may bring an independent action to enforce his claim without being subjected to the plea of another action pending or of *res judicata* as a defense thereto."

It is true it was not suggested in argument in that case that § 264, above quoted, is mandatory in the sense here claimed by counsel for the produce company, but we think the holding in that case would have been the same had such argument been made therein. It will be noticed that the two subdivisions of § 264, stating what the answer *must* contain, are not joined by the conjunction "and" nor are they separated by the disjunctive "or." Reading the two sections as a whole, it seems quite clear to us that these two subdivisions of § 264 are merely alternatives, and that, in answering, a defendant may plead one or the other and is not bound to plead as a defense any counterclaim or set-off which he may have against the plaintiff, and which is wholly unrelated to the claim of the plaintiff. This, we think, is in harmony with the overwhelming weight of authority. It seems to us that these sections of the statute do not evidence a legislative intent to make the law otherwise. In *Bertles v. Hawkins Motor Car Co.*, 94 Wash. 680, 163 Pac. 3, observations are made quite in harmony with this view, though we do not cite that case as being exactly in point.

We have not lost sight of our decision in *Perlus v. Silver,* 71 Wash. 338, 128 Pac. 661, cited by counsel for the produce company, from which he quotes as follows:

"It is the settled law of this state that, in an action between the same parties, a judgment therein is *res judicata* as to all points in issue, and also as to all points which might have been raised and adjudicated in such action."

This is but the statement of a general rule which, it seems to us, has always been subject to the exceptions noticed in *Deaver v. Trahey,* in the absence of a statute expressly providing otherwise. In *Perlus v. Silver,* however, the second action was brought upon a claim which was manifestly so closely related to the one adjudicated upon in the former action as to necessarily become *res judicata* by the judgment rendered therein; and the same may be said of all the cases decided by this court, cited following the language above quoted from in *Perlus v. Silver.*

We are of the opinion that, in view of the denials and allegations contained in the storage company's reply to the second and third affirmative defenses of the produce company in this action, it cannot be decided upon the pleading, that the claim of the storage company here sued upon has been actually adjudicated in either of the former actions, or that it is such a claim that, at the commencement of either of those actions, the storage company was bound to plead or in any manner put it in issue as a set-off or counterclaim in either of those actions; or suffer estoppel from thereafter seeking recovery thereon in this independent action.

The judgment of dismissal is reversed and the action remanded to the superior court, with directions to overrule the demurrer to the storage company's reply to the produce company's second and third affirmative

defenses, and for such further proceedings as shall not be inconsistent with the views herein expressed.

MAIN, C. J., FULLERTON, TOLMAN, and MITCHELL, JJ., concur.