A. C. JOHNSON, Respondent, v. AXEL WAGNER, Appellant.

(174 N. W. 73.)

**Claim and delivery — sales — action for possession of personal property — question for jury.**

In an action brought to obtain possession of personal property transferred to the plaintiff by a bill of sale, where the plaintiff had gained possession under claim and delivery proceedings, and the defendant counterclaimed, setting up a cause of action for damages for misrepresentation and fraud affecting the consideration that supported the bill of sale, and in addition to his claim for damages asked for specific performance of the contract as alleged in the counterclaim, it is *held:*

(1) The election to affirm the contract, to obtain specific performance, as far as possible, and to recover damages, amounts to an admission of the plaintiff's right to possession under the bill of sale.

(2) Where the pleadings present no issue of fact upon which the plaintiff's right of possession depends, error is not committed in instructing the jury to find that the plaintiff is entitled to possession.

(3) Where the plaintiff had possession of the property in question at the time of the trial, and where the pleadings admit the right of possession, under § 7635, Compiled Laws of 1913, it is unnecessary to submit to the jury the question of the value of the property.

(4) Sections 7449, 7453, 7605, and 7679, Compiled Laws of 1913, concerning counterclaims, are considered and held to authorize the entry of an appropriate judgment in a possessory action, while issues upon which the defendant's counterclaim for damages is based remain undetermined.

Opinion filed June 21, 1919. Rehearing denied July 18, 1919.

Appeal from District Court of Cass County, *A. T. Cole,* J.

Modified and affirmed.

*Pollock & Pollock,* for appellant.

"Fraud in the making and obtaining of the instrument upon which respondent founds his action in claim and delivery could have been shown as a defense under a general denial" (Vallency v. Hunt, 20 N. D. 579; note in 34 L.R.A.(N.S.) 473), and certainly could be proved under the allegations thereof in an affirmative defense and counterclaim as contained in appellant's answer. Taylor v. Rice, 1 N. D. 72; Plano Mfg. Co. v. Daleu, 6 N. D. 330; Lane v. O'Toole, 8 N. D. 210; Arnett v. Smith, 11 N. D. 55; Sobolisk v. Jacobson, 6 N. D. 175; Plano Mfg. Co. v. Person (S. D.) 81 N. W. 897; Herried v. C. M. & S. P. R. Co. (S. D.) 159 N. W. 1064; 34 Cyc. 1499; Nolan v. Jones (Iowa) 5 N. W. 572; Gevers v. Farmer (Iowa) 80 N. W. 535; Bliss v. Badger, 36 Vt. 338; Merrill v. Wedgewood (Neb.) 41 N. W. 149.

"No rogue should enjoy his ill-gotten plunder for the simple reason that his victim is by chance a fool." Herried v. C. M. & St. P. R. Co. (S. D.) 159 N. W. 1065; Fargo Gas & Coke Co. v. Fargo Gas & E. Co. 4 N. D. 219.

"The question which is decisive on this point is this: Did plaintiff rely and act upon the false statements to his damage? Whether he relied upon them is not a question of law, but a question of fact purely. The question is not, whether the false statements should have induced plaintiff to part with his property, but is this, Did they induce him to do so? This is always for the jury, where there is substantial evidence warranting the conclusion that the false statements were relied upon." Chilson v. Houston, 9 N. D. 498, 502; Massey v. Rae, 18 N. D. 409; Waters v. Rock, 18 N. D. 45; Neilson v. Edwards, 34 S. D. 399, 148 N. W. 844; Baskerville v. Culver, 33 S. D. 424, 146 N. W. 595; Smith & Co. v. Kimble, 31 S. D. 18, 139 N. W. 348, Ann. Cas. 1916A, 497; Clark v. N. P. R. Co. 36 N. D. 509, L.R.A. 1917E, 399.

The materiality of the false and fraudulent representations relied upon is a question for the jury. Guild v. Moore, 32 N. D. 473.

Value is a question of fact for the jury. Clendenning v. Hawk, 8 N. D. 419; Haverson v. Anderson, 3 N. D. 540; Loftus v. Agrant, 18 S. D. 55, 99 N. W. 90.

"Undoubtedly a special verdict is defective which fails to determine all the material and controverted facts put in issue by the pleadings." Hart v. West Side R. Co. (Wis.) 57 N. W. 81.

Under a demand for a special verdict, questions to the jury must cover all material issues and facts and the whole question at issue. Block v. Milwaukee Street R. Co. 89 Wis. 371, 27 L.R.A. 365, 61 N. W. 1101; Morrison v. Lee, 13 N. D. 599; Sonnesyn v. Akin, 14 N. D. 261; Lathrop v. Fargo-Moorhead St. R. Co. 23 N. D. 257; Shrunk v. St. Joseph (Wis.) 97 N. W. 948; Note, Office of Special Verdict, 24 L.R.A.(N.S.) 5.

We contend that there can be but one final judgment in an action. Comp. Laws 1913, § 7679; Wagner v. Northern L. Ins. Co. 70 Wash. 210, 126 Pac. 434, 44 L.R.A.(N.S.) 338, note, 23 Cyc. 772; Tootle v. Cook, 4 Col. App. 111, 35 Pac. 193; Bethel v. Bethel (Ky.) 99 Am. Dec. 655; Garvin v. Martin (Wis.) 93 N. W. 473 and cases cited.

*Harry Lashkowitz (Barnett & Richardson, of counsel), for respondent.*

"Where two causes of action are set out in the same petition, and a trial is had, and separate verdict and judgment on each, and one is found on appeal to be correct and the other erroneous, that which is right will be affirmed, and the other reversed." Totten v. Cooke, 2 Met. (Ky.) 280.

"A judgment by default, directing the sale of a tract of land in general terms, without describing it, is void to that extent, but this does not impair a money judgment rendered in the same action." Gear v. Hart, 31 Tex. 135; Shean v. Cunningham, 6 Bush (Ky.) 126; Webb v. Bulger, 4 Hill (N. Y.) 588; New York v. Saratoga Co. 88 Hun, 568.

"The plaintiff may take judgment for the amount admitted to be due by the defendant in his affidavit of defense, and proceed to trial for the balance." Coleman v. Nantz, 63 Pa. 178.

"A claim for damages for breach of warranty, interposed by answer to a petition to recover the price of goods, is, in effect, a counterclaim; and the court can render judgment of the undisputed portion of the price, and allow the action to proceed as to the sum in dispute." Moore v. Woodside, 26 Ohio St. 537; Plummer v. Park (Iowa) 87 N. W. 534; Winton Co. v. Blomberg, 147 Pac. 21.

"Two judgments may be allowed in one action where the defendant defends only as to a portion of plaintiff's demand." Mester Co. v. Pope, 155 Ill. App. 667.

BIRDZELL, J. This is an appeal from a judgment entered in the district court of Cass county in an action brought to recover personal property. The judgment awarded to the plaintiff the immediate possession of the property and costs and disbursements amounting to $193.27, with interest on the same. The defendant and appellant, Wagner, was a farmer who had lived in the vicinity of Gardner, North Dakota, for a number of years. He was the owner of a quarter section of land and personal property used in connection with his farming operations. His land was heavily mortgaged and a sheriff's certificate of foreclosure sale was outstanding in the fall of 1916. The indebtedness against the land aggregated about $6,700. In October, 1916, Wagner negotiated with Johnson, the plaintiff and respondent, for the sale or trade of his equity in the land and his personal property, the land being valued by Wagner at $7,600 and his equity therein at approximately $900. A deal was made which was evidenced by four instruments, as follows: 1. An agreement binding Wagner to convey the quarter section to T. D. Johnson, a brother of the plaintiff, in consideration of $50 per acre, to be paid by T. D. Johnson by discharging the encumbrances and paying the plaintiff $100 down, $100 in five days, $100 in ten days, the transfer to be made within thirty days. 2. A bill of sale executed for the expressed consideration of $1, whereby Wagner transferred to A. C. Johnson title to the personal property sought to be recovered in this action. 3. An agreement between A. C. Johnson and Wagner, whereby, in consideration of the bill of sale, Johnson agreed to quitclaim to Wagner a tract of land in Otter Tail county, Minnesota, consisting of 81.69 acres. 4. A quitclaim deed of the same land, executed by A. C. Johnson and wife. The parties entered upon the performance of the agreement, Johnson making certain payments which were retained by Wagner, but, upon demand being made for the delivery to the plaintiff of the personal property, Wagner refused. Thereupon this action was begun and claim and delivery proceedings were had, by virtue of which the plaintiff obtained possession of the property. The complaint in the action simply de-

scribes the personal property, alleges the plaintiff's ownership and right of possession, and places the value at $1,800. For a counterclaim the defendant, however, alleges the negotiations between himself and the plaintiff leading up to the sale or trade, and claims damages on account of misrepresentations made relating to the value of the Minnesota land. The alleged misrepresentations refer specifically to the amount of encumbrance against the land, the date of its maturity, the rental value, and to an agreement by the defendant to resell the land for the plaintiff within thirty days at $30 per acre without commission. There are also allegations to the effect that by crowding and coercing him the plaintiff induced the defendant to execute the papers in connection with the deal without being enabled to procure the advice and assistance of one A. E. Ingebretson, upon whom the defendant relied for advice, and that as so executed they did not safeguard the rights of the defendant according to the previous agreement to pay the plaintiff for his equity in the land in cash as soon as the contract would be reduced to writing between the parties. But defendant alleges his willingness to carry out the transfers in accordance with the agreement as alleged in the counterclaim and his determination to affirm the contract and bargain and to claim damages for the plaintiff's misrepresentations and fraud in reference to the character and value of the Minnesota land. The damages so claimed amount to $1,390.70. In his prayer for relief, the defendant seeks judgment for specific performance of the contract as alleged by him and the damages occasioned by the deceit in the sum of $1,390.70.

Upon the trial, at the end of the defendant's case, the plaintiff's attorney made three motions, as follows: For a directed verdict for the relief prayed for, i.e., the possession of the personal property; for the entry of an order denying specific performance of the contract; and for a directed verdict in favor of the plaintiff on the issue of damages presented by the counterclaim. At the close of the case, the motions were renewed. The first and second motions were then granted, and the third denied. The question of damages was submitted to the jury under special interrogatories, requiring a special verdict, and the record shows that the directed verdict on the issue of possession was delayed, at defendant's request, pending the determination by the jury of the questions submitted for the special verdict. The jury failed to

arrive at the special verdict and to dispose of the question of damages, and it was discharged.

Upon this appeal no question is raised concerning the denial by the court of specific performance as prayed for by the defendants, and it seems to be conceded that specific performance had become impossible. The specifications of error attack the ruling of the court in directing a verdict for the immediate possession and entering judgment on the verdict including a judgment for costs and disbursements. It is also claimed that it was error for the court to refuse to submit to the jury the question of the value of the personal property involved.

It is first contended that no valid claim to possession could be based upon the bill of sale, for the reason that it was vitiated by the same fraud that gives rise to the claim for damages. In view of the fact that the defendant has, by his counterclaim, affirmed the contract and elected to recover damages for the alleged fraud, this contention is clearly without merit. Whether the real contract be as expressed in the different papers executed by the parties, or whether it be as alleged by the defendant in his counterclaim, is immaterial so far as this question is concerned, for the defendant has seen fit to affirm it and claim damages. He cannot affirm the contract in part nor recover his damages piecemeal, and his affirmance makes the bill of sale effective to transfer title and right of possession.

The contention that the court erred in refusing to submit the question of the value of the personal property to the jury is likewise without merit; for, under the issues framed, the value of the personal property is immaterial. The only element of damage claimed by the defendant relates to the Minnesota land, and in his counterclaim he manifested his willingness for the plaintiff to have the personal property; provided, only, he would make good the difference between the worth of the Minnesota lands as represented, encumbrances considered, and its worth as it actually is. He would be entitled to these damages, if proved, regardless of the value of the personal property included in the bill of sale. It might be observed also in this connection that § 7635, Compiled Laws of 1913, which governs the determination of the issues in an action for the recovery of specific personal property, makes it wholly unnecessary for the jury to find the value of the prop-

erty where it is in possession of the plaintiff, who is found to be entitled to the possession. Subdivision 2.

The main contention of the appellant is that, inasmuch as § 7679, Compiled Laws of 1913, contemplates the entry of but one judgment between the same parties where a counterclaim is interposed, the court was without authority to direct a verdict in favor of the plaintiff for possession and to enter a judgment therein while other issues in the same action remained undetermined. We regard this contention as being sufficiently answered by the statutory provisions governing the counterclaim. It is permissible for the defendant to file a counterclaim under § 7449, Compiled Laws of 1913, when a claim exists in his favor against the plaintiff, as between whom and himself a *several* judgment might be had in the action; provided the counterclaim arises out of the transaction set forth in the complaint or is connected with the subject of the action. Also when the action is in contract and the claim of the defendant constitutes a cause of action arising on some other contract existing at the commencement of the action. Section 7453 provides that when the answer contains a statement of new matter, constituting a counterclaim, and the plaintiff fails to reply or demur thereto, the defendant may move "for such judgment as he is entitled to upon such statement." From these sections it clearly appears that a counterclaim is regarded as an independent cause of action in favor of the defendant and against the plaintiff, and that the issues presented by the statement of the cause of action in the defendant's answer are capable of being determined independently of the issues presented by the plaintiff's complaint and the defendant's answer thereto. If no issues of fact are tendered by the pleadings embracing the counterclaim, there is no apparent reason for requiring the facts pleaded to be submitted to the jury. As previously indicated herein, the only issues of fact presented by the pleadings as a whole are the issues concerning the defendant's claim for damages, and, the jury having disagreed, these remain for trial. Section 7679, Compiled Laws of 1913, relied upon by the appellant, simply provides for the entry of judgment in the ordinary case where the plaintiff may establish a money demand, as pleaded in his complaint, and the defendant may likewise establish a money demand pleaded in his counterclaim. It is apparent that the section has no

application where the judgment in favor of one party is, by other statutory provisions, required to be entered for the possession, and in favor of the other, if he establishes his counterclaim, for money. The unsoundness of appellant's contention, based upon § 7679, becomes apparent when the logical consequences of his position are contemplated. For example: If A should give to B a bill of sale of an automobile, B paying the full consideration, and A should then refuse to deliver possession to B on the ground that he held a promissory note against B, which he had purchased from a third party and which was unpaid, a possessory action, based upon the bill of sale, brought by B against A, could be defeated by the assertion of a counterclaim based upon the note. Yet the judgment in the possessory action is required to be for or against the plaintiff's right of possession (§ 7635), and the only judgment that could be entered on the counterclaim is a judgment for money. Manifestly, if the defendant's pleading admits the right of the plaintiff to possession, no issue remains for trial except those presented in the counterclaim and the reply.

Another statute indicating that independent issues of fact may be raised concerning the causes of action stated in the complaint and in the counterclaim is § 7605, in which it is stated that issues of fact arising upon material allegations in the complaint controverted by answer and upon new matter in the answer controverted by a reply.

In the view we take of the case, the respondent was entitled to a judgment on the pleadings awarding possession, and there was no occasion for a trial to determine his right thereto. It appears that the judgment for costs embodies an item of $21 for witness fees, of $14 for service of subpœnas upon witnesses, and $10 for trial, making a total of items clearly attributable to the trial of $45. These costs and the interest apportioned thereto may, therefore, properly abide the event of the trial upon the issues presented in the counterclaim for damages. The item, $10 for the trial, should be reduced to $5. As so modified, the judgment appealed from is affirmed. Respondent is entitled to costs upon the appeal.

BRONSON, J. I concur in the result.

GRACE, J., concurs.