PETER ALLER, Appellant, v. EMIL BOBB, Respondent.

(224 N. W. 679.)

Opinion filed April 6, 1929. Rehearing denied April 13, 1929.

*F. E. McCurdy,* for appellant.
*O'Hare, Cox, & Cox,* for respondent.

BURKE, Ch. J. This is an action to foreclose a mechanic's lien.

It was stipulated at the trial that the plaintiff built certain concrete walls and steps upon the property of the defendant, which under the contract amounted to $81.20, and that plaintiff filed a mechanic's lien as provided by law against the said property. Testimony was then taken for the defendant on his counterclaims, first, that plaintiff agreed to erect such walls and steps in a good workmanlike manner, and that said walls and steps were constructed in such a negligent and careless manner as to be worthless to the defendant so that they will have to be torn down, and building material which was furnished by the defendant of the value of $63.50 will be lost. Second, that the plaintiff agreed to erect a basement wall on said property, in a workmanlike manner and that the same was so carelessly and negligently constructed and erected that the defendant was damaged in the sum of $100.

The trial judge found that the plaintiff performed labor for the defendant in the construction of certain concrete work of the value of $81.20, but that the defendant was entitled to an offset of $15 for damages, by reason of the negligent leaving of "braces" or "spreaders" in the concrete forms in the sum of $15; and that he was further damaged in the building of the retaining walls in the sum of $30; that plaintiff was entitled to a judgment of $36.20 with interest thereon,

at the rate of 6 per cent after May 24, 1927, and to a foreclosure of his mechanic's lien, and from a judgment thereon the plaintiff appeals.

Appellant claims that the court erred in admitting testimony on defendant's second counterclaim. It is his contention that the building of the foundation for the house, and the building of the retaining wall and steps were two separate transactions. There is no merit to this contention, for under subdivision 2, § 7449, Comp. Laws 1913, the defendant's second counterclaim is authorized. The plaintiff's action is on contract and subdivision 2 provides: "In an action arising on contract, any other cause of action arising also on contract, and existing at the commencement of the action. The defendant may set forth by answer as many defenses and counterclaims as he may have." That is, in any action upon contract, the defendant may set up as a counterclaim to such action any cause or causes of action which he may have against the plaintiff, provided, they also arise on contract, and are separately stated. They may arise out of the contract sued on, but not necessarily, for subdivision 2 states specifically, "Any other cause of action arising also on contract," not the same contract, but any contract, and there was no error in admitting the testimony. Strong v. Nelson, 38 N. D. 385, 165 N. W. 511; Johnson v. Wagner, 42 N. D. 542, 174 N. W. 73.

It is conceded, that the "braces" or "spreaders" were left in the foundation wall, and that the retaining wall and the steps are defective. But appellant claims that the defects are due to the poor material furnished by the defendant. Poor material does not account for the leaving of the "spreaders" in the foundation wall, and while the defendant did furnish the material there is a direct conflict in the evidence on the question as to whether it was good or bad material, and as we cannot say that the decision of the trial court is not sustained by the evidence, the judgment is affirmed.

CHRISTIANSON, BIRDZELL, NUESSLE, and BURR, JJ., concur.