[File No. 6034.]

CHRISTINA HUETHER, J. A. Peitz, Arnold Stram and C. O. Belzer, Respondents, v. L. R. BAIRD, as Receiver of State Bank of Elliott, an Insolvent Corporation of Elliott, North Dakota, Appellant.

(244 N. W. 125.)

Opinion filed August 10, 1932.

*Kvello & Adams,* for appellant.

436

*C. G. Bangert* and *H. P. Remington,* for respondents.

438

BURKE, J. The Elliott Farmers Co-operative Store Company, a corporation, was organized in 1917.. It borrowed of the State Bank of Elliott, on March 5, 1921, the sum of $3,000. This indebtedness was last renewed on January 1, 1924, and the plaintiffs in this action, with other stockholders of the co-operative store, guaranteed the payment of the note. The State Bank of Elliott became insolvent and passed into the hands of the defendant, as receiver, on June 11, 1924. The co-operative store company had on deposit in the State Bank at the time $400.12, which was credited on the note on July 1, 1924. The store continued in business until September 9, 1925, at which time it entered into a voluntary liquidation by trustee. At the time the bank closed, the guarantors on the note had on deposit in the said bank $3,318.44.

Thereafter a 10% dividend was paid by the Guaranty Fund Commission, directly to the holders of the receiver's certificates, except the plaintiff Arnold Stram, whose dividend amounting to $250 was endorsed on the $3,000 note. The defendant Baird, as receiver of the State Bank of Elliott, brought action against these plaintiffs on their guaranty on the $3,000 note. The plaintiff, Stram, appeared and filed an answer in which no attempt was made to counterclaim or set off the deposits against the liability on the guaranty and when the case was called for trial the answer was withdrawn and Baird, as receiver, recovered judgment against the guarantors for $3,052.70, principal and interest and the sum of $81.55 for costs.

Thereafter these plaintiffs, by leave of court, brought this action in equity, alleging that the Farmers Co-operative Store was insolvent at the time the State Bank of Elliott became insolvent and passed into the hands of Baird, as receiver, and praying for judgment, ordering the deposit which the plaintiffs had in the closed bank set off against the judg-

ment of the defendant as receiver. There was a judgment for the plaintiff from which the defendant appeals.

It is the contention of the appellant (1) that the Farmers Co-operative Store was not insolvent on the day the State Bank of Elliott passed into the hands of a receiver as an insolvent bank; (2) that the plaintiffs herein, as defendants in the case of Baird against the guarantors, did not avail themselves of the right to plead the deposit as a set off to their liability on the guaranty; (3) that the plaintiffs herein elected to make individual proof of claim for their deposits in the insolvent State Bank of Elliott without making any claim to set off such deposit against their liability on the guaranty, and that in pursuance of this election they received a 10% dividend from the funds of the Guaranty Fund Commission.

Appellant concedes that the assets of the store company on January 1, 1924, the date of the last renewal of the note, were not sufficient to pay its existing indebtedness, but appellant contends that that alone does not show insolvency. The store continued as a going concern, buying and selling for over a year and three months after the bank closed, "that it was never declared insolvent in an action and it was only insolvent because on June 11, 1924, if its assets had been sold to pay its liabilities they would not have liquidated the latter."

At the time the defendant Baird was appointed receiver, the $3,000 note was held by the War Finance Corporation as collateral, so that Baird, as receiver, could not bring the action on the guaranty before the note was returned, but he apparently brought the action as soon as he recovered the note. He did not try to collect from the store company, he did not sue the store company, but sued the guarantors on the guaranty which is a strong circumstance against the solvency of the store company.

Apparently the State Bank of Elliott would not accept the renewal note of the store company without the guaranty of the stockholders and at the time the note was given it is apparent that the store company could not on its own resources continue in business without the guaranty of the stockholders.

Insolvency is the inability of a person to pay his debts as they become due in the ordinary course of business. 32 C. J. 806 and the many

cases cited in the note. See also State v. Rodman, 57 N. D. 330, 221 N. W. 25.

It is evident that the store company could not pay this note of $3,000 when it became due on January 1st, 1924, when it was renewed with a guaranty of the stockholders, who individually had more money on deposit in the bank at the time than the amount of the note.

The trial court found from the testimony that the store was insolvent at the time the bank went into the hands of a receiver and we are of the opinion that the evidence sustains the finding. In the case of Clark v. Sullivan, 2 N. D. 103, 49 N. W. 416, 13 L.R.A. 233, at page 105, this court said: "The right to offset a claim is recognized by equity independent of any statute. We are very clear that the facts alleged in the answer bring this case within this principle of equity jurisprudence. The defendant avers his insolvency . . . (and this) creates an equity, for it is unconscionable that the plaintiff should insist that the defendant pay him, and then leave the defendant powerless because of the plaintiff's insolvency to enforce his (defendant) claim against the plaintiff." See Clark v. Sullivan, 3 N. D. 280, 55 N. W. 733, and Caldwell v. Stevens, 64 Okla. 287, 167 Pac. 610, L.R.A.1918B, 421.

It is the contention of the appellant that under § 7448, Compiled Laws, 1913, the language, viz.: "The answer of the defendant *must contain:* 1. A general or specific denial. . . . 2. A statement of any new matter constituting a defense or counterclaim" is mandatory. That is if the defendant has any defense, he must set it up in his answer, whether it be by general denial or whether it be by counterclaim *or* set-off.

The state of Washington has the same statute and the case of Diamond Ice & Storage Co. v. Klock Produce Co. 103 Wash. 369, 174 Pac. 435, 8 A.L.R. 685, is a case very much like the instant case. In the Washington case the plaintiff sued the defendant for conversion of 54 cases of cheese, which it had in storage with the storage company. The storage company answered admitting that it received the cheese in storage together with quantities of eggs and butter, that the storage due defendant from the plaintiff was $416.05 and the storage company refused to surrender the cheese and held the same for the payment of

the storage fees. The plaintiff recovered in that case and subsequently the defendant in that case brought an action for storage fees.

In the Washington case it was also claimed that that provision in the statute, viz.: that the answer must contain a general denial or new matter constituting a counterclaim was mandatory. The Washington court said that the two subdivisions of the section stating what the answer must contain, are not joined by the conjunction "and" nor are they separated by the disjunctive "or," reading the two sections as a whole, it seems quite clear that these subdivisions are merely alternatives and that in answering the defendant may plead one or the other, and is not bound to plead as a defense any counterclaim or set-off which he may have against the plaintiff and which is wholly unrelated to the claim of the plaintiff. See also Deaver v. Trahey, 98 Wash. 63, 167 Pac. 68; Bertles v. Hawkins Motor Car Co. 94 Wash. 680, 163 Pac. 3.

This was the conclusion reached by this court in the case of Johnson v. Wagner, 42 N. D. 542, 174 N. W. 73, at page 548, this court, after quoting the sections said: "From these sections it clearly appears that a counterclaim is regarded as an independent cause of action in favor of the defendant and against the plaintiff, and that the issues presented by the statement of the cause of action in the defendant's answer are capable of being determined independently of the issues presented by the plaintiff's complaint."

In this action the counterclaim or set-off, which plaintiffs plead, has nothing whatever to do with the cause of action in the former suit. That was an action on a guaranty on a promissory note. The plaintiffs claim, in this action, is for a deposit in the State Bank of Elliott. The set-off in this case would come under subdivision two of § 7448, Compiled Laws, 1913. See also Seager v. Foster, 185 Iowa, 32, 169 N. W. 681, 8 A.L.R. 690. The authorities are collected and cited in the note in 8 A.L.R. 694.

It is the contention of appellant that there is no evidence to sustain the findings of the trial judge "that the plaintiffs were informed by the defendant, receiver of the said State Bank of Elliott, that the plaintiffs could not legally offset the several deposits against their liability upon their guaranty and at the suggestion of the defendant, his agent and officers, the said plaintiffs did apply to the State Guaranty Fund

Commission for a guaranty of said deposits." This, however, is not important as the defendants in the former action might elect to plead the offset or reserve it for a future independent action.

Consequently it is entirely immaterial whether the defendants, in the former action, acted on the suggestion or advice of the receiver of the State Bank of Elliott or on the right to elect to reserve their cause of action for a future independent action. Plaintiff's action in applying to the Guaranty Fund Commission did not bar them of their remedies in court. It is true that the receiver takes the estate of an insolvent for the benefit of the creditors, but this does not deprive a depositor of his right to have his deposit set off against his indebtedness at the bank and such set-off or counterclaim is not a preference. Armstrong v. Warher, 49 Ohio St. 376, 31 N. E. 877, 17 L.R.A.(N.S.) 466; Barbour v. National Exch. Bank, 50 Ohio St. 90, 33 N. E. 542, 20 L.R.A. 192; Niles v. Olszak, 87 Ohio St. 229, 100 N. E. 820, L.R.A.1918E, 238, Ann. Cas. 1913E, 1020; Upham v. Bramwell, 105 Or. 597, 209 Pac. 100, 210 Pac. 706, 25 A.L.R. 919; Prudential Realty Co. v. Commissioner of Banks (Prudential Realty Co. v. Allen) 241 Mass. 277, 135 N. E. 221, 25 A.L.R. 935.

Following this last named case are the notes showing that the great weight of authority sustains the right to set off deposits in an insolvent bank against an indebtedness to the bank. . The only cases cited holding that it is not permissible are cases where the indebtedness of the bank to the depositor is evidenced by a certificate of deposit which is not due. Note in 25 A.L.R. 948. But where the deposit is represented by an unmatured certificate of deposit an equitable set off is allowed against the depositor's liability to the insolvent bank. Note in 25 A.L.R. 949.

There is no merit in appellant's contention that the filing of the claim with the Guaranty Fund Commission is an election of remedies which precludes the plaintiffs from maintaining this action to offset the deposit against their liability on the note.

The filing of claims for deposits with the Guaranty Fund Commission was not a proceeding in court for the enforcement of a remedy and it is not inconsistent with the present action any more than if the plaintiffs had gone to the receiver to collect the deposits from him. An election of a remedy which has the effect of an estoppel when the

remedies are inconsistent is made when an action has been commenced on one of such remedies. All acts prior to the actual commencement of legal proceedings indicating an intention to rely upon one remedial right, do not constitute an election which will preclude the subsequent prosecution of an action or suit based upon an inconsistent remedial right, unless the acts contain the elements of an estoppel in pais. 9 R. C. L. 960, 961, § 7; 20 C. J. 33, § 23. There are none of the elements of estoppel in this record. In order to constitute an equitable estoppel there must be false representation or concealment of facts made with knowledge. The party to whom made must have been without knowledge or means of knowledge of the real fact which must have been made with the intention of misrepresenting the facts and the party to whom made must act upon or rely upon such facts to his prejudice. No misrepresentations were made by the plaintiffs to the defendant Baird. The plaintiff's action in connection with the filing of the claim with the Guaranty Fund Commission was thoroughly known to the defendant Baird, as receiver, and some of the defendants, the record shows, were acting under his advice in the matter. There is nothing in the record to show an equitable estoppel and since no action was commenced in court, there cannot be an election of remedy.

There is no merit in appellant's claim that the denial of the plaintiffs Huether and Peitz, motion to set aside the judgment is conclusive as to them. The only question involved in the motion was whether the judgment should be vacated and the defendants allowed to answer and counterclaim, and as the defendant's right to a set off was entirely independent of the action on the guaranty, the motion was properly denied. Johnson v. Wagner, 42 N. D. 542, 174 N. W. 73.

The judgment is affirmed.

CHRISTIANSON, Ch. J., and BIRDZELL, BURR, and NUESSLE, JJ., concur.