[Filed October 25, 1887.]

## ELIZABETH CRANE, RESPONDENT, v. E. S. LARSEN ET AL., APPELLANTS.

ABATEMENT—SUIT PENDING.—The Code of this State allows the filing of an answer by way of plea in abatement, setting forth the pendency of another suit between the same parties, for the same cause of suit. It is immaterial that a third party is joined in the former suit.

PLEADING—ANSWER.—An answer must set forth the facts relied upon as a defense, and not the conclusions to be deduced therefrom.

SAME—PRACTICE.— Where the answer shows the pendency of another suit, but does not properly plead the necessary facts, it is error to allow the two causes to proceed independently of each other. The latter should be stayed until the determination of the former, or the two causes should have been consolidated and tried together.

APPEAL from Multnomah County.     Remanded.

Facts are stated in the opinion.

*George H. Durham,* and *George W. Yocum,* for Appellants.

The pendency of a prior suit will be cause for abatement without inquiry. (*State* v. *Dougherty,* 45 Mo. 294; *Gransby* v. *Ray,* 52 N. H. 513.)

This is a suit in equity and not an action at law; and the same rule governing an action at law does not obtain in equity in matters of abatement. It is immaterial upon which side of the case the plaintiff in this suit was in the former suit; nor whether defendants in this suit were plaintiffs or defendants in the former suit. And it is immaterial whether there are more parties on either side in the former suit than there are in

this suit. (Mitford's Equity Pleadings, 247, 248; *Rowley* v. *Williams*, 2 Wis. 151; Beames Pleas in Equity, p. 143, and foot notes to Beames, p. 143; *Durand* v. *Hutchinson*, Coop. Tr. 273; cited in Metf. Tr. 199; Mitford & Tyler's Pl. and Prac. in Equity, pp. 336–338; 3 Paige, 509; 3 Atk. 597; Story on Equity Pleadings, §§ 740, 744.)

*H. Y. Thompson*, and *Watson, Hume & Watson*, for Respondent.

The parties must be the same, and here the answer itself shows they are not. (*Adams* v. *Gardner*, 13 Mon. B. 197; *Bennet* v. *Chase*, 21 N. H. 570; *Langham* v. *Thomason*, 5 Tex. 127; *Hall* v. *Holcombe*, 26 Ala. 720; *Estes* v. *Worthington*, 30 Fed. Rep. 465.)

And the parties must appear on the same side of the record in both suits. The same parties must be either plaintiffs or defendants in both suits. (2 Estee's Pleadings, §§ 3100, 3236; *Walworth* v. *Johnson*, 41 Cal. 61; *Certain Logs of Mahogany*, 2 Sum. 593; *Wadleigh* v. *Veazil*, 3 Sum. 165; *New England Screw Co.* v. *Bliven*, 3 Blatchf. 243; *Smith* v. *Blatchford*, 2 Ind. 184; *O'Connor* v. *Blake*, 29 Cal. 313; *Compton* v. *Green*, 9 How. Pr. 228.)

The presumption is that all the defendants in the former suit are necessary parties. That respondent might have litigated all her rights, as defendant in the former suit, is not enough. (*Osborn* v. *Cloud*, 22 Iowa, 104.)

She did not begin the prior suit, and has no control over it. If she had, she could have dismissed it even after the plea in abatement was entered, and a reply of such dismissal would have been good. (*Marston* v. *Lawrence & Dayton*, 1 Johns. Cas. 397; 1 Barn. & C. 649; *Beal* v. *Cameron*, 3 How. Pr. 414; 4 Hill, 166; *Averill* v. *Patterson*, 10 N. Y. 500.)

THAYER, J.—The respondent commenced a suit in the said Circuit Court for Multnomah County, against the appellants, for a settlement of partnership business arising out of an alleged partnership between the said parties. The appellants interposed

as an answer the following matter, viz. (omitting title): "Now, on this day, comes the above-named defendants, and for answer to the plaintiff's complaint, states that at the time of this suit there was, and now is, another suit pending in the said Circuit Court of the State of Oregon, for the county of Multnomah, between the same parties to this suit, and for the·same cause, in which said suit, pending as aforesaid, the defendants in this suit are plaintiffs, and the plaintiff in this suit is one of the defendants in said suit pending at the time of the commencement of this suit. And these defendants allege that the same subject-matter involving the settlement of the partnership affairs set forth and stated in the complaint in this suit is set forth and stated in the complaint in said former suit as the cause of suit; and that the plaintiff in this suit appeared in said former suit by her attorneys, and filed her answer thereto; and that said former suit is now, and has been at all the times herein mentioned, pending in said court, and still remains undetermined. Wherefore, defendants pray that the complaint of the said plaintiff may be dismissed, and that defendants may recover their costs and disbursements herein."

The respondent demurred to the answer upon the following grounds: (1) That the said answer did not state facts sufficient to constitute a defense. (2) That it showed upon its face that the former suit pleaded therein was not between the same parties to this suit. (3) That said answer showed upon its face that the plaintiff in this suit was not the plaintiff in said former suit.

The court sustained the demurrer, and the respondents having refused to further plead, their default was entered, and the case referred to a referee to state an account between the parties, which the referee reported to be $3,519 in favor of the respondent and against the appellants. The court confirmed the report, and entered the decree thereon, from which this appeal is taken.

The only question of law for our determination is the sufficiency of the answer as a defense to the suit. The respondent's counsel make two points upon the question of its sufficiency: (1) That the answer shows that the suit herein is not between the same parties as the former suit; and (2) that a defendant,

who is plaintiff in a former suit, has no right to interpose such a defense when sued by the former defendant, although the two suits involve the same subject-matter.

The appellant's counsel contend that the same degree of strictness, as to the rule that parties must be the same in both cases, is not observed in equity as at law, and that, therefore, the first ground is not maintainable, and they deny that the second ground is correct. The defense "that there is another action pending between the same parties for the same cause," under the Code of this State, is made applicable to suits in equity as well as actions at law, and in view of that fact, I am not able to discover how any discrimination can be made in the two classes of procedure, as contended for. The Code, in certain respects, maintains a distinction between actions and suits, but in others, the same provisions are made applicable to both. In its interpretation the rules that formerly prevailed may be consulted, doubtless, with profit; but to undertake to apply the more technical rules of the common law to law cases, and the more liberal ones of equity to equity cases, when the statute provides the same mode of procedure for both, would, it seems to me, be judicial legislation. The Code provides "that the forms of pleading in courts of record, and the rules by which the sufficiency of the pleadings are to be determined, shall be those prescribed by the Code." (Civ. Code, § 62.) Rules which governed under a former system, therefore, in regard to the effect of the pendency of a former action or suit as an abatement of a subsequent one, are important only as aids in the construction of present ones. The letter of the Code in such cases must govern where its meaning is obvious, and where its meaning is doubtful, resort must be had to those tests which the wisdom of ages has established as the most reliable means of ascertaining legislative intention. The Code allows the fact that there is another action or suit pending between the same parties, for the same cause, to be pleaded by way of answer, when it does not appear upon the face of the complaint. The meaning of this provision is plain to any person of ordinary intelligence. The evident object of it was to prevent unnecessary litigation; to avoid a second lawsuit,

where the identical matter was at issue between the same parties in a former one; and if there were other parties in the former suit not included in the subsequent one, it would not necessarily prevent the pendency of the former one from being a defense to the latter; nor would the fact that the parties, plaintiff and defendant, were reversed in the two suits prevent the defense, if the issue in the two were the same and the same relief attainable.

I do not believe, either, that it is necessary that the parties should be identical in both suits, in order to admit the defense; I think privies would be included as well. I think the term "parties" includes privies. If A, therefore, were to commence an action against B, and then assign his cause of action, or some part thereof, to C, and the latter commence an action thereon, the defense of a former action pending between the same parties for the same cause would be available under a fair construction of the provision of the Code referred to.

*Pleading the former suit.* But the answer in such cases should aver facts showing clearly that the former action or suit was in substance and effect between the same parties and for the same cause. It would not be sufficient to allege the mere deduction from facts. Under the former equity practice the defendant's plea had to set forth with certainty: (1) The commencement of the former suit; its general nature, and the character and object and relief prayed. (2) That the second suit was for the same subject-matter as the first. (3) A statement, not only that the same issue was joined in the former suit as in the second, and that the subject-matter was the same, but also that the pleadings in the former suit were taken for the same purpose. And the plea had to aver, also, that there had been proceedings in the suit such as appearance, or process requiring an appearance, at least. (Story on Equity Pleadings, § 737.) The truth of the plea, then, had to be established by proof.

The defendant, at the time of filing the plea, had to obtain an order of reference to a master to examine and report whether the plea be true, and procure his report to that effect; and if he neglected to procure such report within twenty days, or the report was against the verity of the plea, it would be considered as

overruled, and the complainant might proceed as if no such plea had been filed. (1 Barb. Ch. 125.) I am of the opinion that the answer was not sufficient to justify an abatement of the subsequent suit; that under the circumstances of the case the appellants should have set forth the facts of the former suit fully; should have stated the nature and object of the suit and the relief demanded, so that the court could have seen, from an inspection of it, that the respondent could have litigated her claim therein, and have obtained all the relief she could obtain in the subsequent one. The averments of the answer, under the peculiar circumstances of the case, are too much in the nature of conclusions. The former suit is in their favor, and against the respondent and another, or others. This is apparent from its language; and the circumstance is such as to require, as I view it, a full statement of facts as to the nature and object of the suit, and of the issue joined therein.

We do not approve, however, of the course pursued by the Circuit Court in allowing the two cases to proceed independently of each other. Such practice would necessarily lead to confusion and embarrassment. . The court should either have stayed proceedings in the subsequent suit until the prior one was determined, or have consolidated the two and had the controversy closed out in one litigation. The matter is too important to be determined virtually upon mere technical proceedings. The decree appealed from should be set aside, and the cause remanded to the court below, with directions to consolidate the two suits and order another reference to take an account between the parties; that the appellants have the right to appear at the hearing before the referee, and establish any proper claim they may have against the respondent growing out of the affair between the parties, relevant to the cases; but that they be required to pay the taxable costs and disbursements of the reference already had, as a condition of the right herein granted; neither party to recover costs of appeal, and each to pay one half of the clerk's fees in this court.