[No. 2354. Decided November 14, 1896.]

THE CITY OF TACOMA, *Respondent*, v. COMMERCIAL ELECTRIC LIGHT AND POWER COMPANY, *Appellant*.

PLEA IN ABATEMENT — ANOTHER ACTION PENDING.

Where an electric light company has secured a restraining order prohibiting a city from interfering with it while stretching certain wires, which had been torn down the night before by the city officials, a subsequent action by the city seeking to restrain the company from replacing its wires involves identical issues and is subject to a plea in abatement.

Appeal from Superior Court, Pierce County.— Hon. JOHN C. STALLCUP, Judge. Reversed.

*Stiles & Stevens*, for appellant.

*John Paul Judson*, and *W. H. H. Kean*, for respondent.

The opinion of the court was delivered by

DUNBAR, J.— Careful and elaborate briefs have been prepared by both appellant and respondent on the merits of this case, but there is a question lying at the threshold which renders it unnecessary for us to discuss the merits. A plea in abatement was made by the appellant and the court was asked to vacate the restraining order and dismiss this action by reason of the pendency of another case involving the same questions.

The appellant had commenced in the superior court of Pierce county before Judge PRITCHARD, superior judge, injunctive proceedings against the respondent in this case, and a restraining order had been granted by Judge PRITCHARD prohibiting the city of Tacoma, the respondent here, from interfering with the Commercial Electric Light and Power Company, appellant here, stretching certain wires which had been torn down the night before by the city officials. The restraining order obtained by the appellant had been served upon the respondent together with the summons and complaint in the action, and a few hours after such service the present action was commenced by the respondent seeking to restrain appellant from proceeding to replace its wires. The second restraining order, the present one, was brought in the superior court before Judge STALLCUP, superior judge of Pierce county.

The pleadings show conclusively that the real issues in the two cases are identical and the motion to vacate and dismiss ought to have been, upon the showing

made, at once granted by the judge. Every issue involved in this action could have been litigated in the prior action which was plead in abatement; even the question of nuisance would have been a defense which the defendant in the first action could have pleaded. Without specially reviewing the pleadings in the respective cases, it is too plain for argument that the substantive issues in the two cases are identical, and the only result of entertaining jurisdiction in the last case was to interfere with and annul the action of the judge who issued the first restraining order. Such a practice is wrong in theory and is liable to be pernicious in effect.

The judgment will be reversed and the cause remanded with instructions to the lower court to vacate the restraining order and dismiss the action.

HOYT, C. J., and ANDERS, GORDON and SCOTT, JJ., concur.