ANDREW GUINN, Appellant, v. ALMIRA ELLIOTT et al.,
Appellees.

ALMIRA ELLIOTT, Appellee, v. ANDREW GUINN et al.,
Appellants

**Plea in Abatement: PARTIES.** Where the issues and the real par-
ties in interest are identical in two actions pending at the same
time and the nature of the actions such that the interests of
the parties must be determined, a plea in abatement on the
ground that another action is pending is proper, although the
parties plaintiff are not the same in both actions.

**Abatement of Actions.** Where two actions were pending between
the same parties and at the same time, and on account thereof
a plea in abatement was filed in each, but the court had not
acquired jurisdiction in both, it should have proceeded to de-
termine the one in which there was complete jurisdiction and
abate the other.

*Appeal from Appanoose District Court.*—HON. C. W. VER-
MILLION, Judge. `

THURSDAY, FEBRUARY 18, 1904.

THESE are each actions to partition the same tract of land.
A petition was first filed in the case of *Guinn v. Elliott et al.,*
and a notice by publication as to the nonresident defendants
was first completed in that case. A petition was filed in the
case of *Elliott v. Guinn,* and an original notice of that action
was first placed in the hands of the sheriff, and first served.
In the case first above entitled, Almira Elliott filed a plea in
abatement, based upon the pendency of her suit against the
plaintiff. This case was first tried, resulting in a decree
abating the action. Thereafter, and on the same day, and
on the same evidence, the court tried the second case, result-
ing in a decree for the partition of the lands as prayed.
Plaintiff in the first suit—Andrew Guinn—who was a de-
fendant in the second, appeals.—*Reversed.*

*C. F. Howell* and *W. R. C. Kendrick* for appellant.

*Frank S. Payne* for appellee.

DEEMER, C. J.—The two suits are for the partition of
the same property. There is no question but that Andrew
Guinn owned an undivided nine-fourteenths; Almira Elliott,
two-sevenths; and John Helm, a nonresident,
one-fourteenth. Their respective shares and in-
terests were established and confirmed by the decree entered
in the second case above entitled. In each case there was a plea
in abatement on the ground of another suit pending, but the
plea was sustained in the first case, and denied or dismissed
in the other. The real parties in interest are the same in the
two cases. Plaintiff in the first suit made some parties de-
fendant who were not named in the second, but these par-
ties were merely nominal, and his petition shows that they

had no interest in the land. Plaintiff in the second suit made the real parties in interest defendants to her action. The decree fixing the interests of the respective parties is not complained of, save in one particular, which we shall hereafter notice. As the parties in the cases are the same, the issues identical, and the suits such that the interests of the respective parties must be determined, we think the rule that another action pending is a good plea in abatement obtains, although the parties plaintiff are not the same in the two suits. The cases came within the exception noted in *Pratt v. Howard,* 109 Iowa, 504. It is manifest that these two suits could not proceed at the same time, and that a finding in one would be a complete bar to a decree in the other. The same evidence would support a decree in either case, and whatever was done in one would constitute a bar in the other.

On the face of it, the only question involved is one of costs. The first action was dismissed at plaintiff's costs, amounting to something like $25. He or his attorneys also 2. ABATEMENT lost an attorney's fee which a court is author- of actions. ized to tax in such cases. If this were all, we should not feel like interfering. But it appears in the record that Guinn first filed his petition, and first acquired full service of notice, and that Almira Elliott has not yet obtained good service of notice on Helm, the nonresident who owned an interest in the property. The decree, when entered, should be valid and binding on all of the parties, and, if the service was such that no valid decree could be entered, then there was no other action pending. In other words, it must appear that the prior action had been technically commenced when the latter action was instituted. If commenced as to one of the parties only, it is not technically commenced, for the reason that it could not go to a final decree. The petition was first filed in the Guinn case. The original notice was placed in the hands of the sheriff on October 8th, and served on Almira Elliott on October 15th. In the Elliott case the notice was placed in the hands of the sheriff on October 14th. As between these parties, Almira Elliott's action was first com-

men:ed. But in each case there was a nonresident—John Helm. As to him, Guinn made the necessary affidavit for publication on October 2d, before any publications were made, and the service was complete as to Helm on October 23d. In the *Elliott case* no affidavit for publication was filed until October 14th, and she relies upon publication made October 6th, 13th, 20th and 27th. Manifestly, her action against Helm has never been properly commenced. *Priestman v. Priestman,* 103 Iowa, 320, and cases cited. The decree rendered against Helm was of no validity, and did not, therefore, conclude him. It appears, then, that Guinn's action, as to Helm was first commenced, and that Elliott's action, as to Guinn, was first brought; and it further appears that plaintiff Guinn properly commenced his action as to Helm, and that plaintiff Elliott has never done that which gave the court jurisdiction as to him. Should we say that, as to one of the parties, Guinn was first in point of time, and, as to the other, that Elliott was first, we would have a case where neither was really first as to time, and the equities would be equal. Such being the situation, we think the trial court should have disposed of the case which first appeared upon the docket, to wit, the *Guinn Case.* But as no jurisdiction was obtained over Helm in the *Elliott Case,* we think there was no action commenced against him by Elliott, and that, as he was a necessary party to the suit, the trial court should have overruled the plea of abatement in the first suit, and sustained it in the second, and that partition should have been granted in the first one.

The decree in each case will therefore be reversed, and the cases remanded for decrees in harmony with this opinion. —REVERSED and REMANDED.