[No. 18595. Department Two. June 30, 1924.]

FURGESON JANSEN, *Respondent*, v. DAVID KOLMITZ *et al.*, *Appellants*, WILLIAM MIDDLEMAS *et al.*, *Defendants.*[1]

TRIAL (5)—TIME FOR TRIAL—DISCRETION. It is not an abuse of discretion to refuse to stay the trial of an action on a note until after the termination of an appeal in a prior action to reform the note.

JUDGMENT (219) — BAR — MATTERS CONCLUDED — INDEPENDENT CAUSES—RELIEF BY CROSS-COMPLAINT. Judgment in an action to reform a promissory note is not *res judicata* of liability on the note, since the defendant is not required to seek by cross-complaint recovery on the note, especially where the parties, as well as the actions, were not the same.

Appeal from a judgment of the superior court for King county, Griffiths, J., entered December 22, 1923, upon findings in favor of the plaintiff, in an action on a promissory note, tried to the court. Affirmed.

*Cole & Dolby* and *Poe, Falknor, Falknor & Emory,* for appellants.

*Riddell & Brackett,* for respondent.

BRIDGES, J.—By this proceeding the plaintiff sought judgment on a promissory note originally given by the defendant Alice M. Schelling to the defendant David Kolmitz, and subsequently assigned by him to the defendant Middlemas and by the latter to the plaintiff. Mr. Kolmitz and wife appeal from a judgment in favor of the plaintiff.

The note sued upon is the identical note involved in the case of *Kolmitz v. Jansen, ante* p. 308, 226 Pac. 1023. Since the facts with reference to this case are the same as those in the case last cited, it will not be necessary to recite them here, or to prolong this opinion to any

[1]Reported in 226 Pac. 1025.

considerable extent. In *Kolmitz v. Jansen, supra,* we held that the respondent was an innocent purchaser and that the appellants were liable as unrestricted indorsers of the notes. This disposes of the only defense in the case. But appellants raise an additional question or two which we must dispose of.

This suit was brought a few days before the trial of the previous suit (*Kolmitz v. Jansen*), and the appellants contend that the trial court erred in not postponing the trial of this case until the determination in this court of that one. This was a matter addressed to the discretion of the trial court and we cannot say he abused it. In any event, as the matter now stands, the appellants were not prejudiced by the ruling of the court.

It is further contended that the respondents cannot maintain this action because it was their duty to obtain by means of a cross-complaint in the former action the relief here sought. In support of this view the following, among others of our cases, are cited: *Kline v. Stein,* 46 Wash. 546, 90 Pac. 1041, 123 Am. St. 940; *Olson v. Title Trust Co.,* 58 Wash. 599, 109 Pac. 49; *Perlus v. Silver,* 71 Wash. 338, 128 Pac. 661; *Holt Mfg. Co. v. Coss,* 78 Wash. 39, 138 Pac. 322. It is our opinion that the appellants' view is not tenable, and the cases cited by them not controlling. In *Diamond Ice & Storage Co. v. Klock Produce Co.,* 110 Wash. 683, 189 Pac. 257, we held that there was no abatement or *res judicata* where the matter claimed to be adjudicated was independent of the matter sued upon in the action pleaded and it could have been asserted therein only by way of set-off or counterclaim. See, also, *Crandall v. Iten,* 128 Wash. 277, 222 Pac. 894.

In the first place, the parties to these two actions were not the same. Mrs. Schelling, the maker of the

note, was neither a party plaintiff nor defendant and was in no wise interested in the litigation in *Kolmitz v. Jansen.* In this action she was properly made a defendant, and being the maker of the note, was personally liable. In the next place, the purpose of the two actions is not the same. The first was to determine whether Mr. Kolmitz was an unrestricted indorser of the note and whether Mr. Jansen was a *bona fide* purchaser. This action was one seeking judgment on the note itself. It is true that some of the questions involved in the first action were also involved here, but there were questions in this case which were wholly immaterial to the issues in the first case. For illustration, the questions whether the note was due and payable, and if so, how much was owing, were entirely beside the question involved in the first case. It may be that the respondents here might by cross-complaint in the first case have obtained the relief sought in this suit, but they were not legally bound to do so because this action is independent of the other one. The testimony in the first action would not have sustained a judgment on the note. We are therefore confident that the respondent had a right to maintain this action.

Having determined in *Kolmitz v. Jansen, supra,* that the respondent here was a *bona fide* holder of the note and that the appellant's indorsement was unrestricted, it follows that the judgment must be affirmed. It is so ordered.

MAIN, C. J., FULLERTON, PEMBERTON, and MITCHELL, JJ., concur.