[No. 20692.   Department Two.   July 20, 1927.]

THE STATE OF WASHINGTON, *on the Relation of Green Mountain Lumber Company, Plaintiff*, v. THE SUPERIOR COURT FOR SNOHOMISH COUNTY *et al., Respondents.*[1]

[1] ABATEMENT AND REVIVAL (2-1, 6)—COURTS (62)—ANOTHER ACTION PENDING — DIFFERENT JURISDICTIONS — PRIORITY.   A transitory action brought against a corporation in K. county for the rescission of a contract or trust deed relating to certain bonds, does not affect the jurisdiction of, or abate a local action by the same plaintiff to foreclose the mortgage and trust deed in S. county, where the real and personal property was situated, in which there were additional parties not interested in the prior suit; in view of Rem. Comp. Stat., § 204, subdiv. 1 and 2, defining the venue of local actions for the foreclosure of mortgages and recovery of personal property.

[2] ABATEMENT AND REVIVAL (2)—PROHIBITION (4, 13)—ANOTHER ACTION PENDING—REMEDY BY APPEAL—DISCRETION.   Prohibition will not issue to restrain the superior court from proceeding with a cause because of the pendency of a prior action, where there is an adequate remedy by appeal, in view of the fact that abatement in favor of a prior action in another jurisdiction is largely a matter of discretion of the trial court.

Application filed in the supreme court May 17, 1927, for a writ of prohibition to prevent the superior court for Snohomish county, Bell, J., from further proceeding in a cause.   Denied.

*Arthur C. Bannon,* for relator.
*Stratton & Kane,* for respondents.

HOLCOMB, J.—Relator applies in this court for a peremptory writ either of mandamus or of prohibition, directed to the superior court of the state of Washington for Snohomish county, and Bell, judge thereof, whereby that court be commanded to enter an order suspending all further proceedings in a certain cause

[1]Reported in 258 Pac. 27.

pending therein, numbered 25127, entitled "American Exchange Bank, a corporation, as trustee, plaintiff, v. Green Mountain Lumber Co., a corporation, defendant," and quashing and vacating a certain order to show cause, obtained without notice, appointing a temporary receiver for relator, and further prohibiting such court and judge from proceeding in the premises, except as aforesaid.

On March 23, 1927, relator commenced an action in equity in the superior court of Washington for King county by serving upon respondent, American Exchange Bank, a corporation, its complaint and summons, alleging in the complaint that the respondent and its officers and agents had, by false representations secured the execution of a certain trust deed and bonds accompanying the same; the failure and refusal of defendants sued therein to keep their promises and covenants relating to the consideration for the making of the trust deed; and praying that it be compelled to specifically perform or that the trust deed be rescinded and cancelled and the bonds returned to relator, and for damages. Thereafter respondent entered its general appearance, serving the same upon relator. Thereafter, on April 11, 1927, the cause was filed in the superior court for King county, and numbered 198921.

Subsequently, on April 22, 1927, the defendant, respondent here, filed its summons and complaint in the superior court of Washington for Snohomish county, which cause was numbered 25127, praying the foreclosure of the trust deed sought to be cancelled in the prior action in King county, and alleging removal, disposal, concealment and dissipation of the personal property included in the trust deed or mortgage, located in Snohomish county by the mortgagor, relator here, and, under the statute providing for the

appointment of a temporary receiver in the case of foreclosure of mortgage, asked for and obtained the appointment of a temporary receiver and an order to show cause, directed to relator, to show cause why the receivership should not be made permanent in that court and cause.  The order to show cause was supported by the complaint in that action and the affidavit of an officer of the plaintiff corporation.

Thereupon relator appeared in the Snohomish county action and made answer to the complaint; and by way of plea to the jurisdiction of that court, pleaded the pendency of the prior action in King county between the parties relating to the trust deeds and bonds, and moved the court to suspend the action in Snohomish county and to quash and vacate the order to show cause and order appointing a temporary receiver; which plea was overruled by the superior court of Snohomish county, and it is alleged that that court then threatened to at once enter its order appointing a permanent receiver, whereupon the relator applied for this writ.

Relator contends that the pendency of the prior action in the superior court for King county, upon the same instrument and between the same parties, having been brought to the attention of the superior court for Snohomish county by relator, it was the duty of the Snohomish county superior court to at once enter an order suspending further proceedings in said cause and suspending the exercise of dominion and control over the property of the relator through a temporary receiver, as long as the action commenced in the superior court for King county remains pending in that court, and upon the failure of the superior court for Snohomish county so to do, the relator is entitled to the writs, or one of the writs, prayed for.

The judge of the superior court for Snohomish

county made return to the alternative writ herein, to the effect that the action pending before that court was one apparently brought in good faith for the purpose of foreclosing the deed of trust set up in the complaint therein and having a receiver appointed in the litigation of that cause, according to the terms of the deed of trust and mortgage authorizing the appointment of a receiver for the Green Mountain Lumber Company in any suit brought for foreclosure; that the parties in that suit before that court are not the same as in that cause pending in the superior court for King county, there being more parties in the last mentioned suit, and parties not interested in the litigation in the matter before this respondent; that the issues in the Snohomish county suit before that court are not the same as in the King county suit, but are broader and require further and definite proof upon points not involved in the King county action, and points which may have arisen subsequent to the bringing of the King county action; that, in addition to the records, documentary proof and affidavits set out and attached to relator's application for an alternative writ herein, the Snohomish county court has before it further affidavits, which were submitted to that court and considered by it on the hearing on the application for a temporary restraining order and temporary receiver.

[1] The action brought by relator and others, as parties plaintiff, in the superior court for King county, against the American Exchange Bank, a corporation, and another, is an action for the rescission of a contract and for damages, and is purely a transitory action. The action brought by the American Exchange Bank, a corporation, against the Green Mountain Lumber Company, a corporation, in Snohomish county for the foreclosure of a mortgage and trust deed on real and personal property wholly situated in Snohomish county

is purely a local action. The venue and jurisdiction of local actions is defined in § 204, subds. 1, and 2, Rem. Comp. Stat. [P. C. § 8541]:

"1.   For the recovery of, for the possession of, for the partition of, for the foreclosure of a mortgage on, or for the determination of all questions affecting the title or for any injuries to real property."

Subdivision 2 contains similar provisions as to actions involving personal property.

We recently held in *State ex rel. Hendron v. Superior Court,* 140 Wash. 403, 249 Pac. 485, that all actions involving the right to the possession or title to any specific article of personal property covered by subdivision 2 of the above cited section must be brought within the county in which the property is situated, being an action *in rem* to obtain possession of the thing itself.

Relator relies very largely upon the case of *Crandall v. Iten,* 128 Wash. 277, 222 Pac. 894, as being decisive of this case. That case was brought to this court on appeal. In that case a local action was first brought in the proper county; while, here, the other action was first brought. In that case, the parties, though reversed as plaintiff and defendant, were the same; in this case, as shown by the complaint on file as an exhibit here, there are several parties plaintiff and one party defendant not interested in the Snohomish county action. In the *Iten* case the decision in the first action covered all points at issue; here, should the King county action be won by the defendant, respondent here, it would still have to prosecute its Snohomish county action to determine the breach of the mortgage, the amount due, the amount of attorney's fees, and whether a receiver should be appointed.

Relator also relies largely upon the case of *State ex rel. Fidelity & Deposit Co. v. Superior Court,* 87

Wash. 498, 151 Pac. 1094. That was a case where an action was first commenced in King county by a party claiming to be the owner of a large amount of the capital stock of the company, and claiming the rights of stockholders to have a general receiver in insolvency appointed for the corporation. While that action was still pending, but before any receiver, temporary or otherwise, had been appointed, a subsequent action was commenced by a creditor of the corporation in Clallam county, in which he also sought the appointment of a receiver for the property of the company upon the ground of insolvency. The pendency of the King county case was called to the attention of the superior court for Clallam county before it appointed a receiver in the action there pending. Thereafter, the superior court for Clallam county appointed a receiver of the property of the insolvent company, and there was thus presented the question of the conflict of jurisdiction between the superior courts of the two counties, as to which acquired and should retain jurisdiction of the receivership. It was held, citing many authorities to sustain the same, that, where a bill in equity brings under the direct control of the court all the property and estate of the defendants, or certain designated property of all or of either of the defendants, to be administered for the benefit of all entitled to share in the fruits of the litigation, and the possession and control of the property are necessary to the exercise of the jurisdiction of the court, the filing of the bill and service of process is an equitable levy on the property, and, pending the proceedings, such property may properly be held to be in gremio legis.

In that case, the decision of the United States supreme court in *Farmers' Loan & Trust Co. v. Lake Street Elevator R. Co.*, 177 U. S. 51, was cited and

quoted in part, where that court, among other things, said:

"The possession of the *res* vests the court which has first acquired jurisdiction with the power to hear and determine all controversies relating thereto, and for the time being disables other courts of co-ordinate jurisdiction from exercising a like power."

In this case, the *res* is undoubtedly situated in Snohomish county. The possession of the *res* has been vested in that court by the commencement of the action for foreclosure of the trust deed and mortgage. The superior court for King county has jurisdiction of no more than the determination of the transitory action between parties additional to the parties in the action properly pending in Snohomish county.

However, the *Iten* case heretofore referred to, which we think does not apply, and the *Fidelity & Deposit Co.* case, which we think is against the contention of relator, and other like cases relied upon by relator, do not control this question.

[2] This case is controlled by the fact that relator has an ample and adequate remedy by appeal. The superior court for Snohomish county undoubtedly has jurisdiction to foreclose the mortgage and has exclusive jurisdiction of the subject matter of the action. No other court could secure such jurisdiction except upon proper proceedings for a change of venue under other sections of the statutes which do not apply here.

In *Jansen v. Kolmitz,* 130 Wash. 314, 226 Pac. 1025, also written by the same judge who wrote the opinion in the *Iten* case, our late, lamented Judge Bridges, it was said that the matter of abatement of a subsequent action in favor of a prior action is largely a matter of discretion of the trial court, and in that case it was stated that we could not say he abused it. The last cited case was brought before this court on appeal.

In such case as this, this court is committed to the rule that it will not ordinarily interfere, by extraordinary writ, to prevent the superior court from proceeding, when it has jurisdiction. *State ex rel. McGlothern v. Superior Court,* 112 Wash. 501, 192 Pac. 937; *State ex rel. Meyer v. Clifford,* 78 Wash. 555, 139 Pac. 650.

For these reasons, the alternative writ is quashed and the peremptory writ is denied.

TOLMAN and PARKER, JJ., concur.