ON REHEARING.
After the decision in this case, reported in 144 Wn. 351,258 P. 27, a rehearing was granted. The question involved, as may be seen from the statement in the opinion of the Department, relates to a plea in abatement, filed in a general mortgage foreclosure action in Snohomish county, covering property in that county, on account of a former action, pending in King county, wherein the mortgagor, as plaintiff, seeks performance by the mortgagee or that the mortgage be canceled.
The former opinion proceeds upon the theory that the relator has an ample and adequate remedy by appeal, and that "the matter of abatement of a subsequent action in favor of a prior action is largely a matter of discretion in the trial court," and that this court will not interfere by extraordinary writ, relying on or citing Jansen v. Kolmitz, 130 Wn. 314, 226 P. 1025, brought to this court on appeal.
More precisely, what occurred in the Jansen v. Kolmitz case, so far as it relates to abatement being discretional, was that Kolmitz commenced a suit against Jansen and others to have his signature upon a note declared to be a restricted, rather than an unrestricted endorsement. A few days before the trial *Page 534 
in that case, Jansen sued Kolmitz and others on the note and endorsement. This second suit was not tried until after the trial in the first suit, wherein findings and judgment were against Kolmitz. Then, shortly, when the Jansen v. Kolmitz case came on for trial, Kolmitz insisted that the trial should be postponed until the determination in the supreme court of the first case in which he had taken an appeal. The plea was denied, and upon the trial there was judgment against Kolmitz on his endorsement. He took an appeal in that case.
The two cases were tried so nearly together that the appeals were heard in this court at the same time, both assigned to the same judge, both opinions filed on the same day, and are reported immediately together in volume 130 of our reports. In the briefs in the Jansen v. Kolmitz case, which have been re-examined, considerable was said and authorities cited upon the subject of disfavor in the law of a tardy plea in abatement. It was under these circumstances that it was said in the opinion:
"This suit was brought a few days before the trial of the previous suit (Kolmitz v. Jansen), and the appellants contend that the trial court erred in not postponing the trial of this case until the determination in this court of that one. This was a matter addressed to the discretion of the trial court and we cannot say he abused it."
Immediately following, however, it was further stated:
"In any event, as the matter now stands, the appellants were not prejudiced by the ruling of the court."
[1] We cannot agree that the language referred to was intended, or that it has the effect of committing us to the rule that the granting or withholding of the right of abatement, seasonably preferred, as was done *Page 535 
in the present case, rests within the discretion of the trial court in view of Rem. Comp. Stat., §§ 259 and 261 [P.C. §§ 8346, 8348], together with what we said in Longmore v. Puget SoundTr., L. P. Co., 78 Wn. 468, 139 P. 191, as follows:
"If the provisions of the statute to the effect that another action pending between the same parties upon the same cause of action means anything and is a defense, it seems clear that the court should have dismissed this action when the facts so appeared. This court, in common with other courts, has held that, where it is shown that another action is pending between the same parties upon the same cause of action, the later action will be abated. Tacoma v. Commercial Elec. L. P. Co., 15 Wn. 515,46 P. 1043; State ex rel. Scandinavian-American Bank v.Tallman, 29 Wn. 411, 69 P. 1115; Richardson v. Richardson,43 Wn. 634, 86 P. 1069. It is plain, we think, under the statute and these decsisions, that the plea in abatement is a good plea."
In the present situation, the action by the mortgagor was necessarily brought in King county under § 206, Rem. Comp. Stat., because that county was the place of business of the defendant bank, a corporation. McMaster v. Advance Thresher Co., 10 Wn. 147,38 P. 670; State ex rel. Seattle Nat. Bank v. Joiner,138 Wn. 212, 244 P. 551; State ex rel. State Savings LoanAss'n v. Superior Court, 142 Wn. 296, 252 P. 923, and cases cited. The bank appeared generally in that action but has not answered. Then the bank, as mortgagee, commenced the action in Snohomish county to foreclose the mortgage on real and personal property situate in that county, on account of defaults of the mortgagor already existing in part, at least, at the time the King county action was commenced. The mortgagor appeared in the Snohomish county action and plead pendency of the former action in King county. The plea was denied. *Page 536 
 [2] This kind of a plea in abatement is statutory in this state, the provision of the statute being "that there is another action pending between the same parties for the same cause." One of the reasons for applying the rule of "another action pending" is to prevent two actions involving the same subject-matter from proceeding independently of each other. It is to prevent necessary confusion and embarrassment. Such confusion and conflict are possible of avoidance where the two actions are pending in the same court, by consolidating the two actions and closing the controversy in one litigation or trial. Crane v.Larsen, 15 Ore. 345, 15 P. 326. But that result cannot be accomplished where, as here, one action is in one county while the other is in another county. Still another and probably the most evident object of this provision of the statute is to prevent unnecessary litigation and to avoid a second law suit where the subject-matter is involved in the former one. Of course, there are cases of reciprocal demands of such sort between parties that, while the defendant in the first suit may, if he elects to do so, litigate his demand therein, yet he is not compelled to do so, but may himself maintain an independent action against the other, because the subject-matters of the respective demands are wholly unrelated and separable.
It is stated in C.J., vol. 1, p. 82, § 107, to be the general rule that the plea of a prior action pending does not apply "to cases in which there are cross suits by a plaintiff in one suit who is defendant in the other." But it is further said that "in some jurisdictions, however, there are decisions to the contrary." Some of the cases cited in support of the last statement are: Kansas City S.R. Co. v. Railroad Commission,106 La. 583, 31 So. 131; Cline v. Freret, 5 La. Ann. 494, holding that, where a vendee sues to annul a sale on *Page 537 
account of fraud and recover payments, he may set up the pendency of such suit when sued by the vendor on one of the purchase money notes; Bartholomay Brewing Co. v. Haley, 44 N.Y. Supp. 915,16 App. Div. 485, holding that the pendency of an action by a buyer for breach of the contract of sale is a bar to a subsequent action by the seller for the price of the goods; Emry v.Chappell, 148 N.C. 327, 62 S.E. 411, where it was said:
"If there were other parties in the first suit not included in the subsequent one, it would not necessarily prevent the pendency of the former action from being a defense to the latter, nor would the fact that the parties, plaintiff and defendant, were reversed in the two suits prevent the defense, if the issue in the two were the same, and the same relief attainable;"
Crane v. Larsen, 15 Ore. 345, 15 P. 326, to the same effect as the North Carolina case; Tacoma v. Commercial Electric L. P. Co., 15 Wn. 515, 46 P. 1043, holding that, where the light company secured a restraining order prohibiting the city from interfering with it while stretching wires, a subsequent action by the city to restrain the company from replacing its wires was subject to a plea in abatement; that every issue involved in the second action could have been litigated in the prior action, even the question of nuisance would have been a defense which the defendant in the first action could have pleaded; Treanor v. Sheldon Bank, 90 Iowa 575, 58 N.W. 914, holding that a replevin action by a chattel mortgagee against the mortgagor to recover possession of the chattels for the purpose of foreclosure was a bar to a suit by the mortgagee to enjoin the foreclosure on the amount of usury as the pendency of the replevin action enabled the mortgagor to assert usury against the mortgagee in the action. Other cases to the same general effect are Yager v. Ring, 1 Alaska 305; Warner v. Hopkins, *Page 538 
111 Pa. St. 328, 2 A. 83; Danvers v. Dorrity, 14 Abb. Prac. (N.Y.) 206; Guinn v. Elliott, 123 Iowa 179, 98 N.W. 625.
[3, 4] The real question, therefore, is whether the mortgagee can have, in the King county action, the relief he seeks in the Snohomish county action. On behalf of the bank, the argument is that the foreclosure of the mortgage is a local action and that, under Rem. Comp. Stat., § 204 [P.C. § 8541], the bringing of an action for that purpose in the wrong county would amount to a want of jurisdiction of the subject-matter; and yet, the bank says
"There is no doubt but that, if the action to foreclose the mortgage had been brought in Seattle, a change of venue might be made under the statute,"
evidently having in mind Rem. Comp. Stat., § 209 [P.C. § 8545], which provides for a change of venue where suit is brought in the wrong county. The two propositions are antagonistic. If, in such case, the King county court would have jurisdiction and power to grant a change of venue, necessarily it would have jurisdiction and power to hear the case and enter a valid judgment on the merits, if no change of venue were asked.
In the case of State ex rel. Grays Harbor Commercial Co. v.Superior Court, 118 Wn. 674, 204 P. 783, we held that the superior court of a county in which a corporation had been wrongly sued because of Rem. Comp. Stat., § 206 [P.C. § 8543], was without jurisdiction, and hence without power, to order or grant a change of venue. If, under applicable statutes, there is power to grant a change of venue then there is power and jurisdiction for all other purposes including the trial and judgment.
The bank relies on Diamond Ice Co. v. Klock Produce *Page 539 Co., 110 Wn. 683, 189 P. 257, and Jansen v. Kolmitz,130 Wn. 314, 226 P. 1025, and says that these cases must be overruled if abatement is allowed in the present instance. In theJansen v. Kolmitz case it was said:
"In Diamond Ice Storage Co. v. Klock Produce Co.,110 Wn. 683, 189 P. 257, we held that there was no abatement orres judicata where the matter claimed to be adjudicated was independent of the matter sued upon in the action pleaded and it could have been asserted therein only by way of set-off or counterclaim. See, also, Crandall v. Iten, 128 Wn. 277,222 P. 894."
In the litigation between Jansen and Kolmitz, as hereinbefore stated, Kolmitz first sued Jansen for the sole purpose of having his endorsement on a note held by Jansen declared to be a restricted endorsement. That was the sole issue and they the only parties. A few days before the trial of that case, Jansen sued on the note making the maker of the note and two endorsers parties defendant. The court said:
"In the first place, the parties to these two actions were not the same. Mrs. Schelling, the maker of the note, was neither a party plaintiff nor defendant and was in no wise interested inthe litigation in Kolmitz v. Jansen."
And then, after discussing the difference in the issues in the two cases, said:
"It may be that the respondents here (Jansen) might by cross-complaint in the first case have obtained the relief sought in this suit, but they were not legally bound to do so becausethis action is independent of the other one."
In the present case, however, the two actions are not independent. Both involve the same mortgage. *Page 540 
If the plaintiffs prevail in the first suit, there can be no foreclosure of the mortgage at this time, if at all. On the contrary, if there is a valid mortgage ripe for foreclosure, it can be foreclosed in the King county action. Subdiv. 1 of § 204, Rem. Comp. Stat., makes causes for the recovery, possession, partition, foreclosure of a mortgage on, or the determination of all questions affecting the title or for injuries to real property, local to the county wherein the property or some part of it is situated. It is to be observed, however, that subdiv. 2 of the same section makes the same provision with reference to the possession or title to any specific article of personal property. State ex rel. Hendron v. Superior Court, 140 Wn. 403,249 P. 485.
Both kinds of action, whether they relate to real or personal property, are local. In State ex rel. Christensen v. SuperiorCourt, 108 Wn. 666, 185 P. 623, a judgment of the superior court of Pierce county foreclosing a lien on a ship, constructed and situated in King county, was held to be valid upon the theory that any superior court of the state has general jurisdiction over the matter of such an action, notwithstanding Rem. Comp. Stat., § 204, provides that actions involving title to any personal property shall be commenced in the county where the property is situated, since the venue may be changed or the objection waived by general appearance. There is language in the cases of McLeod v. Ellis, 2 Wn. 117, 26 P. 76, and Wood v.Mastick, 2 Wn. Terr. 64, 3 P. 612, contrary to these views, but an examination of those cases will show that such statements were obiter because each of those cases was determined by the court to be a transitory action.
[5] As to the identity of the parties to these present actions, the question is, are the parties in interest *Page 541 
the same? If so, the second action must be abated, regardless of the fact that the nominal parties are not identical. 1 C.J., p. 80, § 104. Here the parties to the first suit are, as plaintiffs, the mortgagor and its officers through whom the deal was made and the mortgage executed; and as defendants, the mortgagee and another alleged to be beneficially interested with the nominal mortgagee; while, as to the second suit, the parties plaintiff and defendant are, respectively, the nominal mortgagee and mortgagor. The real parties in interest are substantially the same. In our opinion, the plea in abatement should be sustained.
[6] It is further contended on behalf of the respondents that there is a plain, speedy and adequate remedy by appeal, and that prohibition will not lie. But as said in State ex rel.Martin v. Superior Court, 97 Wn. 358, 166 P. 630:
"If it be held that a court having jurisdiction may erroneously exercise that jurisdiction, and that its rulings might be adequately reviewed on appeal, it does not follow that the court may so proceed in all cases without denying to a litigant that speed and adequacy of remedy which is sanctioned and guaranteed by the statute."
Resort to the remedy by appeal will in no way prevent the vexation and multiplicity of suits intended to be promptly overcome by the seasonable plea of another action pending, nor avoid in that ample and speedy manner contemplated by statute the confusion and embarrassment incident to the trying of one part of the case in one county and another part in another county.
Writ granted with directions to the trial court to sustain the plea in abatement and dismiss the action.
MACKINTOSH, C.J., MAIN, FULLERTON, ASKREN, and FRENCH, JJ., concur. *Page 542