[No. 2119. Decided February 5, 1896.]

THE STATE OF WASHINGTON *on the Relation of* EZRA MEEKER *et al.*, v SUPERIOR COURT OF KING COUNTY *et al.*

VENUE — TRANSITORY ACTION — FORECLOSURE OF COLLATERALS.

An action praying judgment upon a promissory note and seeking to foreclose a pledge of promissory notes and certificates of corporate stock, delivered as collateral security, is a transitory one, and must be brought in the county in which the defendant resides, or in which he may be served with process.

*Original Application for Prohibition.*

*A. R. Heilig,* for relator.
*Carr & Preston,* for respondents.

The opinion of the court was delivered by

DUNBAR, J.—The complaint in the case sought to be transferred alleges that the plaintiff was a national bank located and doing business at Seattle; that the defendants made and delivered to plaintiff several promissory notes; that at the time of the delivery of the notes, the defendants delivered and pledged to the plaintiff as collateral security for the payment of said promissory notes, certain securities consisting of

promissory notes and a large number of shares of stock in different corporations, evidenced by stock certificates. The prayer is for judgment against the defendants on the promissory notes and for a decree foreclosing the pledge of the said collaterals and directing the sale thereof. The action was brought in the superior court of King county. The defendants appeared, made affidavit under the statute governing change of venue, and asked for the transfer of the case to the superior court of Pierce county. It is conceded that both the defendants are residents of Pierce county. The question is whether the action is a transitory or local one.

Section 158, Code Proc., provides that actions "for the recovery of, for the possession of, for the partition of, for the foreclosure of a mortgage on, or for the determination of all questions affecting the title or for any injuries to real property; " and that " all questions involving the right to the possession or title to any specific article of personal property," shall be commenced in the county in which the subject of the action, or some part thereof, is situated. Section 161 provides that:

"In all other cases the action must be tried in the county in which the defendants, or some of them reside at the time of the commencement of the action, or may be served with process."

If this action was properly brought in King county, it was because it involved the right to the possession of or title to a specific article of personal property. We think there is no question here involving the right to the possession of, or title to, these pledges set forth in the complaint. It is not claimed that the securities, consisting of promissory notes, fall within this rule, and it is well settled that stocks are not

goods and chattels within the meaning of the act concerning chattel mortgages. See Jones, Chattel Mortgages, § 278. But they are choses in action, having no situs or local position. *United States Bank v. Huth,* 4 B. Mon. 423.

We think there is nothing to prevent the plaintiff from obtaining full relief from the superior court of Pierce county. The permanent writ of prohibition asked for will, therefore, issue, and the court will be prohibited from proceeding further in the case than to transfer the cause to the superior court of Pierce county as prayed for by the defendants.

HOYT, C. J., and ANDERS and SCOTT, JJ., concur.

GORDON, J. (*concurring*).— I concur in all that is said in the foregoing opinion, and while I seriously question the jurisdiction of this court to entertain applications of this character, believing that the relator has an ample remedy by appeal; nevertheless, jurisdiction has been so often asserted by a majority, and become so generally recognized by the profession, that I am unwilling to dissent upon that ground. In this connection I fully appreciate the force of the reasoning of Mr. Justice DUNBAR, specially concurring in *State, ex rel. Campbell, v. Superior Court,* 7 Wash. 307 (34 Pac. 1103).