[No. 20089. *En Banc.* October 5, 1926.]

THE STATE OF WASHINGTON, *on the Relation of Carroll Hendron, as Administrator of the Estate of Henry H. Wolfe, Deceased, Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY, *Respondent.*[1]

[1] VENUE (4)—REPLEVIN—RECOVERY OF PROMISSORY NOTES. A promissory note is a specific article of personal property, within Rem. Comp. Stat., § 204, requiring an action involving the right to the possession or title of personal property to be commenced in the county in which the subject of the action is situated.

Application filed in the supreme court July 6, 1926, for a writ of prohibition to the superior court for King county, Stern, J., to restrain the transfer of a cause to another county for trial. Granted.

*Benton Embree,* for relator.

*John F. Reed* and *David J. Williams,* for respondent.

ASKREN, J.—Carroll Hendron, as administrator of the estate of Henry Wolfe, deceased, brought a replevin action in King county against one Clara Wolfe, seeking possession of three certain promissory notes alleged to belong to the estate and to be wrongfully in the possession of the defendant in King county. Answer was filed and demand made for a change of venue upon the ground that the defendant's residence was in Kitsap county. The trial court announced that the change would be granted. A petition was filed in this court asking a writ of prohibition to restrain the court from transferring the cause to Kitsap county for trial.

[1]Reported in 249 Pac. 485.

[1]  It is the contention of petitioner that the notes in dispute are personal property within the meaning of Rem. Comp. Stat., § 204 [P. C. § 8541], which is:

"Actions for the following cases shall be commenced in the county in which the subject of the action, or some part thereof, is situated:

". . . . . . . . . . . . .

"(2)  All questions involving the rights to the possession or title to any specific article of personal property; in which last mentioned class of cases damages may also be awarded for the detention and for injury to such personal property."

It is the respondent's claim that notes are not articles of personal property under the statute, and that their situs is the same as the residence of their claimed owner now in possession.

In *North Yakima v. Superior Court*, 4 Wash. 655, 30 Pac. 1053, we held that a specific fund in a bank came within the meaning of the statute and was such an article of personal property as to require the action thereon to be brought in the county where it was situated.

It is insisted, however, that a note is a mere chose in action. This may be true when speaking of the right to recover thereon, but this case does not involve the right to recover upon the instrument itself, but is an action *in rem* to obtain possession of the thing itself. Notes, checks, abstracts, legal papers and other documents have frequently been held by the courts to be such personal property as to be objects of a writ of replevin.

But it is said that we have decided adversely to this contention in *State ex rel. Meeker v. Superior Court,* 13 Wash. 607, 43 Pac. 887, 46 Pac. 342. In that action judgment was sought on certain notes, and decree prayed for to foreclose the pledge of chattels given as

security.   The defendants moved for change of venue to the county of their residence.   We held that the residence of the defendants was the proper county in which to try the action, saying:

"If this action was properly brought in King county, it was because it involved the right to the possession of, or title to, a specific article of personal property.   We think there is no question here involving the right to the possession of, or title to, these pledges set forth in the complaint.   It is not claimed that the securities, consisting of promissory notes, fall within this rule, and it is well settled that stocks are not goods and chattels within the meaning of the act concerning chattel mortgages.   See Jones, Chattel Mortgages, § 278.   But they are choses in action, having no situs or local position.   *United States Bank v. Huth*, 4 B. Mon. 423."

The latter portion of the quotation is seized upon by counsel for respondent as determinative of the petitioner's rights.   But it will be readily seen from the first part of the quotation that the question there did not involve the "right to possession of, or title to," the pledges, which is the point involved in the present case.   The statement therein that the securities "are choses in action, having no situs or local position," was not necessary to the decision, and, if the court had held otherwise, the result would have been the same, because the title or right to possession thereof was not in controversy.

But the words there used do no more than state the general rule which is inapplicable to the case at bar. In earlier times, there grew up a fiction of law which declared that personal property of this character had no situs.   This arose out of the necessity of formulating a rule for the protection of those who dealt with persons having such property. Personal property then

consisted largely of gold and jewels and was customarily transported by the owner on his person. Those dealing with him could not know his domicile, nor the laws thereof, and so the rule was applied that wherever the owner was there the situs of the personal property was supposed to be. *United States Bank v. Huth,* 4 B. Mon. (Ky.) 423.

But this rule is relaxed under the modern conditions of the present day where personal property is frequently kept far from the owner's domicile or his person, and such property is now taxed within the state where held, irrespective of the home of the owner. *Pullman's Palace Car Co. v. Pennsylvania,* 141 U. S. 18; *New Orleans v. Stempel,* 175 U. S. 309.

We think that a note is a specific article of personal property within the meaning of Rem. Comp. Stat., § 204, and that an action to recover the possession thereof is properly brought in the county where it is physically held.

The permanent writ will issue.

All concur.